**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 8/12/96**

**TENTH CIRCUIT**

---

MONICA SKRZYPCZAK,
an Oklahoma citizen,

        Plaintiff - Appellant,

    v.

YVONNE KAUGER, ROBERT E.
LAVENDER, ROBERT D. SIMMS,
HARDY SUMMERS, JOSEPH M.
WATT, RALPH B. HODGES,
RUDOLPH HARGRAVE, ALMA
WILSON, and MARIAN P. OPALA, in
their official capacities as Justices of the
Oklahoma Supreme Court,

        Defendants - Appellees.

No. 95-6156

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D. Ct. No. CIV-94-1236L)**

---

Michael Minnis (David McCullough with him on the briefs), Michael Minnis & Associates, Oklahoma City, Oklahoma, appearing for the Appellant.

Scott D. Boughton, Assistant Attorney General (W.A. Drew Edmondson, Attorney General of Oklahoma, with him on the brief), Oklahoma City, Oklahoma, appearing for the Appellees.

---

Before SEYMOUR, Chief Judge, PORFILIO and TACHA, Circuit Judges.

TACHA, Circuit Judge.

In 1993, the Oklahoma Supreme Court held that a proposed initiative restricting abortion, State Question 642 ("SQ 642"), could not be placed on the ballot because it was unconstitutional. In re Initiative Petition No. 349, 838 P.2d 1, 7-8 (Okla. 1992), cert. denied, 113 S. Ct. 1028 (1993). Monica Skrzypczak, who was not a party to that action, filed this suit against the justices of the Oklahoma Supreme Court alleging that the court's refusal to place SQ 642 on the ballot constituted a prior restraint on speech. The district court granted the Oklahoma Supreme Court's motion to dismiss for lack of subject matter jurisdiction on the ground that a federal district court does not have the authority to review final decisions of state supreme courts. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm the decision of the district court, but on a different ground. We hold that Skrzypczak lacks standing to bring this suit because she failed to allege injury in fact.

**BACKGROUND**

The Oklahoma Coalition to Restrict Abortion, Inc., and Fred W. Sellers, Jr. ("the proponents") filed initiative petition pamphlets with the Oklahoma Secretary of State on June 29, 1990. The proposed initiative, SQ 642, criminalized abortion, allowing it only in four circumstances: (1) where continuing the pregnancy would cause grave impairment of the woman's physical or mental health; (2) in cases of rape, as defined by Okla. Stat. tit. 21 § 1111 (West 1988); (3) in cases of incest, as defined in Okla. Stat. tit. 21 § 885 (West 1988);

- 2 -

and (4) in cases of grave physical or mental defect of the fetus. Two individuals, Nancy Feldman and Kim Little, filed a protest challenging the constitutionality of SQ 642. They later withdrew their claim.

On July 14, 1992, the Oklahoma Supreme Court sua sponte ordered the proponents, as well as Feldman and Little, to brief the impact of Planned Parenthood v. Casey, 112 S. Ct. 2791 (1992), on the constitutionality of SQ 642. The proponents conceded in their brief that SQ 642 was unconstitutional, but argued that the Oklahoma Supreme Court should allow the initiative to go forward as an exercise in political advocacy. The Oklahoma Supreme Court held that SQ 642 was unconstitutional and thus could not be placed on the ballot. In Re Initiative Petition No. 349, 838 P.2d at 7-8. The Oklahoma Supreme Court further held that pre-submission review of the constitutionality of initiative petitions is appropriate, and rejected the proponents' argument that pre-submission review violates their free speech rights. Id. at 8-10. The proponents petitioned for certiorari, arguing that pre-submission review of the initiative petition constitutes a prior restraint on speech. The United States Supreme Court declined to review the Oklahoma Supreme Court's decision. Oklahoma Coalition to Restrict Abortion, Inc. v. Feldman, 113 S. Ct. 1028 (1993).

On August 3, 1994, Skrzypczak filed this suit against the justices of the Oklahoma Supreme Court. She alleged that she was neither a party nor the agent of any party involved in In re Initiative Petition No. 349, but that she would advocate the passage or defeat of SQ 642 if it were placed on the ballot. She sought both a declaration that pre-submission content

review of initiative petitions constitutes a prior restraint on core political speech and an injunction compelling the Oklahoma Supreme Court to complete the initiative petition process for SQ 642 and refrain from performing pre-submission reviews in the future. The Oklahoma Supreme Court moved to dismiss the complaint for lack of subject matter jurisdiction. The district court granted the motion, noting that Skrzypczak advanced the same arguments that had been submitted to the Oklahoma Supreme Court and the United States Supreme Court. The court further stated that Skrzypczak's complaint, in effect, asked the court to overrule the Oklahoma Supreme Court's decision in In re Initiative Petition No. 349. The court reasoned that because a federal district court does not have authority to directly review final judgments of a state court in judicial proceedings, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), it consequently lacked subject matter jurisdiction over the case.

## DISCUSSION

Although neither side raises the issue, we must determine whether Skrzypczak has standing to raise her claims. We are obliged to address standing sua sponte because it involves a constitutional limitation on a federal court's jurisdiction, Bangerter v. Orem City Corp., 46 F.3d 1491, 1497 (10th Cir. 1995), and "federal courts are under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990). The Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2, cl. 1; Valley Forge Christian College v. Americans

United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). The case-or-controversy limitation requires, among other things, that a plaintiff have standing. Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992). A party has standing when (1) she has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. Id. A plaintiff must support the elements of standing "with the manner and degree of evidence required at the successive stages of the litigation." Id. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim . . . .'" Id. at 2137 (quoting Lujan v. National Wildlife Fed'n, 497 U.S. 871, 889 (1990)). We must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994); see also Warth v. Seldin, 422 U.S. 490, 501 (1975).

We hold that Skrzypczak lacks standing because her complaint fails to allege an injury in fact. Injury in fact requires invasion of a legally-protected interest. Defenders of Wildlife, 112 S. Ct. at 2136. Skrzypczak asserts that her legally-protected interest in free speech is infringed by pre-submission content review of initiative petitions. Thus, she appears to claim that her right to free speech depends upon SQ 642 going forward to a popular vote.

Skrzypczak mistakenly conflates her legally-protected interest in free speech with her personal desire to have SQ 642 on the ballot. In removing SQ 642 from the ballot, the

- 5 -

Oklahoma Supreme Court has not prevented Skrzypczak from speaking on any subject. She is free to argue against legalized abortion, to contend that pre-submission content review of initiative petitions is unconstitutional, or to speak publicly on any other issue. Her right to free speech in no way depends on the presence of SQ 642 on the ballot. Moreover, she cites no law, and we find none, establishing a right to have a particular proposition on the ballot. Because she has failed to assert a legally-cognizable interest, we hold that Skrzypczak lacks standing to assert her claim.

The Supreme Court's holding in Meyer v. Grant, 486 U.S. 414 (1988), does not undercut our conclusion. In Meyer, the Supreme Court held that a Colorado law forbidding initiative proponents from paying people to circulate petitions violated the First Amendment. The Court described the speech involved in circulating initiative petitions as "core political speech." Id. at 421-22. The Court noted that Colorado's prohibition against paying petition circulators imposed two restrictions on political expression: (1) it limited the number of messengers and thus limited the size of the audience that could be reached and (2) it diminished the likelihood that the petitioners would gain the number of signatures necessary to place the measure on the ballot, thus limiting their ability to promote statewide discussion of the issues raised by the initiative petition. Id. at 422-23. The Court also held that the state's power to ban initiatives entirely does not include the power to limit political speech regarding issues raised in initiative petitions. Id. at 424-25.

The Meyer case is inapposite because the law at issue in that case curtailed free

speech--proponents of an initiative were forbidden to pay anyone to disseminate their message and gather signatures for their petition. In this case, the Oklahoma Supreme Court has done nothing to restrict speech: neither Skrzypczak nor anyone else has been silenced by pre-submission content review. Moreover, there is nothing in <u>Meyer</u> suggesting that there is a protected right to have a particular initiative on the ballot.

Reading the complaint liberally and construing all reasonable allegations in Skrzypczak's favor, we hold that she has failed to identify a legally-protected interest that has been invaded and thus has failed to allege an injury in fact. For this reason, the judgment of the district court is AFFIRMED.