**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

AMAZON, INC.,

      Plaintiff-Counter-Defendant-
      Appellee,

v.

DIRT CAMP, INC.,

      Defendant,

and

CANNONDALE CORP.,

      Defendant-Counter-Claimant
      Appellant.

No. 00-1382

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 99-N-571)**

Submitted on the briefs:

Kenneth A. Feinswog, Los Angeles, California; Susan Sperber, Rothergerber Johnson &
Lyons, LLP, Denver, Colorado, of Counsel, for Plaintiff-Counter-Defendant-Appellee.

Rory J. Radding, Jonathan E. Moskin, and Jacqueline M. Lesser of Pennie & Edmonds
LLP, New York, New York; Senter, Goldfarb & Rice, L.L.C., Denver, Colorado, of
Counsel, for Defendant-Counter-Claimant Appellant.

Before **MURPHY** and **BALDOCK**, Circuit Judges, and **VAN BEBBER**,[*] Senior District Judge.[**]

---

**BALDOCK**, Circuit Judge.

---

Professional mountain bike rider Missy Giove assigned publicity rights in her name and likeness to Plaintiff Amazon, Inc. ("Amazon"), a Colorado corporation with its principal place of business in New York. Defendant Cannondale Corp. ("Cannondale"), a Delaware corporation with its principal place of business in Connecticut, manufactures and sells high performance bicycles and equipment. Since 1994, Cannondale has co-sponsored a mountain bike team, of which Ms. Giove was a member from 1994 to 1998. Team Sports Mountain, Inc. (TSMI), formerly a defendant in this action, owned the team during all relevant times in this dispute. A contract between Amazon and TSMI provided that TSMI could use Ms. Giove's likeness for publicity. The contract further provided that team sponsors' use of Ms. Giove's likeness was limited to the term of the TSMI/Amazon contract. TSMI in turn licensed Cannondale, as a team sponsor, use of the publicity rights.

During the summer and early fall of 1998, while Ms. Giove was still a member of

---

[*] The Honorable G. Thomas Van Bebber, Senior District Judge, United States District Court, District of Kansas, sitting by designation.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

the team, Cannondale designed, published, and distributed its 1999 products catalog. The catalog included several photographs of Ms. Giove. Subsequently, Ms. Giove and TSMI failed to renegotiate a contract, and the TSMI/Amazon contract expired on December 31, 1998. Cannondale continued to distribute the 1999 catalog containing Ms. Giove's photographs after the TSMI/Amazon contract expired.

Amazon filed a complaint in federal district court alleging that Cannondale's continued distribution of the 1999 catalog improperly used Ms. Giove's name and likeness in violation of the Lanham Act and Colorado state unfair competition and publicity law. According to the complaint, federal jurisdiction was founded on the Lanham Act claim under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1125(a), with supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Amazon's complaint also alleged that the district court had diversity jurisdiction over the state law claims under 28 U.S.C. § 1332. Amazon's first amended complaint added several defendants, including Dirt Camp, Inc. ("Dirt Camp"), which runs instructional mountain biking camps. Dirt Camp's advertisement in Cannondale's 1999 catalog included Ms. Giove's name and photograph. The first amended complaint also asserted jurisdiction based on both the federal claim and diversity. Cannondale's answer denied liability and counterclaimed, alleging Amazon made false, misleading, and defamatory statements, and alleged unfair competition under California state law.

The district court entered a default order against Dirt Camp under Fed. R. Civ.

3

P. 55(a) after Dirt Camp failed to appear. Cannondale subsequently moved for summary judgment on all claims pursuant to Fed. R. Civ. P. 56. The district court granted summary judgment in favor of Cannondale and Dirt Camp[1] on the Lanham Act claim. The district court dismissed the state law claims without prejudice, declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[2] Cannondale now appeals, arguing that the district court had diversity jurisdiction over the state law claims, and should have addressed the merits rather than dismissing the claims.[3] Amazon contends that the district

---

[1] Although the district court entered an order of default against Dirt Camp, the district court granted summary judgment in favor of Dirt Camp on the Lanham Act claim, and dismissed Amazon's state law claims against Dirt Camp at the same time it granted summary judgment for Cannondale. Because neither Amazon nor Cannondale directly appeal this issue, we do not address whether the district court properly granted summary judgment in favor of Dirt Camp after Dirt Camp defaulted. Compare Fed. R. Civ. P. 54(b) (allowing district court to direct entry of judgment as to some parties, but not all, in a multiple-party suit), with Frow v. De La Vega, 82 U.S. 552, 554 (1872) (where defendants are jointly liable and one defendant defaults, in order to avoid inconsistent judgments, the proper procedure is to enter default, but not to enter judgment in favor of the plaintiff against the defaulter unless the plaintiff prevails against the appearing defendants); Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 147 (10th Cir. 1985) (applying Frow rule to damage award where defendants were jointly and severally liable).

[2] In the same order, the district court also dismissed all of Cannondale's counterclaims. The district court dismissed Cannondale's first counterclaim seeking an injunction against Amazon as moot, and dismissed the other counterclaims without prejudice because the district court declined to exercise supplemental jurisdiction over these claims, as well. Cannondale does not raise on appeal the district court's disposition of its counterclaims.

[3] After the district court dismissed the state law claims without prejudice, Amazon filed a complaint against Cannondale in Colorado state court asserting the dismissed state law publicity claim. Cannondale removed the action to federal district court, again arguing that diversity jurisdiction exists. See Amazon, Inc. v. Cannondale Corp., No. 00-

(continued...)

4

court did not have diversity jurisdiction. The parties disagree about whether Dirt Camp, whose corporate citizenship is in dispute, destroys diversity.

I.

Although neither party challenges our appellate jurisdiction, we have an independent duty to examine our own jurisdiction. See Skrzypczak v. Kauger, 92 F.3d 1050, 1052 (10th Cir. 1996) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). Two issues concerning appellate jurisdiction confront us at the outset of this case: whether the district court's dismissal of the state law claims without prejudice is a final order under 28 U.S.C. § 1291, and if so, whether Cannondale, as the prevailing party below, has standing to appeal.

A.

Generally, only final decisions of the district court are appealable. See 28 U.S.C. § 1291; Forney v. Apfel, 524 U.S. 266, 269 (1998); Rekstad v. First Bank Sys., 238 F.3d 1259, 1261 (10th Cir. 2001). Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable. See Facteau v.

---

[3](...continued)
N-2063 (D. Colo., filed Oct. 18, 2000). Amazon moved to remand. The district court stayed proceedings in the second case pending the outcome of Cannondale's appeal in this case. Amazon has filed a motion in this Court seeking to supplement the record with pleadings from this second suit. Because the district court is the appropriate forum to decide the jurisdictional question in the first instance, we deny Amazon's motion with leave to renew the motion in district court.

Sullivan, 843 F.2d 1318, 1319 (10th Cir. 1988). "The critical determination [as to whether an order is final] is whether plaintiff has been effectively excluded from federal court under the present circumstances." Id. at 1319; Korgich v. Regents of New Mexico Sch. of Mines, 582 F.2d 549, 550 (10th Cir. 1978) (dismissal without prejudice based on Eleventh Amendment was "death knell" of litigation in federal court and therefore final and appealable).

Here, the district court declined to exercise supplemental jurisdiction over the state law claims, dismissing the claims without prejudice so that Amazon might re-file them in state court. The district court dismissed the entire action, effectively excluding Amazon's suit from federal court. Therefore, the dismissal, although without prejudice, was final and appealable under controlling precedent. See Jarvis v. Nobel/Sysco Food Servs. Co., 985 F.2d 1419, 1424 (10th Cir. 1993) (exercising appellate jurisdiction over the district court's dismissal without prejudice of a supplemental state law claim after grant of summary judgment on the federal claim); see also Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207, 1209 n.1 (10th Cir. 2000) (exercising jurisdiction where the removed federal claim was dismissed and supplemental state law claims remanded to state court because otherwise, a district court's dismissal of federal claims in such a situation would be effectively unreviewable).[4]

---

[4] We do not alter our holding in Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir. 1992), that we do not have jurisdiction over an appeal where the
(continued...)

B.

Turning to the second issue regarding appellate jurisdiction, we consider whether Cannondale has standing to appeal. A party generally cannot appeal from a judgment in its favor. See Jarvis, 985 F.2d at 1424. On the surface at least, Cannondale apparently prevailed below. The district court granted summary judgment in favor of Cannondale on the federal claim, and dismissed the state law claims without prejudice. Exceptions to this general rule exist, however. For example, a prevailing party "is aggrieved and ordinarily can appeal a decision granting in part and denying in part the remedy requested." Forney, 524 U.S. at 271 (a party denied the preferred relief of reversal may appeal even though prevailing on the alternative relief of remand) (citation and internal quotations omitted); Jarvis, 985 F.2d at 1424 ("[W]here a judgment gives the successful party only part of that which he seeks and denies him the balance, with the result that injustice has been done him, he may appeal from the entire judgment.") (quoting Automobile Ins. Co. v. Barnes-Manley Wet Wash Laundry Co., 168 F.2d 381, 386 (10th Cir. 1948)). Applying this rationale, we have specifically held that "when a district court

---

[4](...continued)
plaintiff causes a voluntary dismissal of pending claims to manufacture finality for a joined claim that was dismissed with prejudice. There, we said that the voluntary dismissal was not final for purposes of § 1291. See id. Here, Amazon did not seek a voluntary dismissal of the state law claims to manufacture finality. The matter was before the district court on Cannondale's motion for summary judgment. The district court's decision to decline supplemental jurisdiction over the state law claims effectively excluded the remainder of Amazon's suit from federal court through no action of Amazon, and the order is therefore final as to the federal court proceedings.

denies summary judgment on the merits, and then exercises its discretion to decline pendent jurisdiction, the moving party is a 'party aggrieved by the judgment.'" Jarvis, 985 F.2d at 1425 (finding that prevailing party below and on primary appeal had standing to pursue cross-appeal to avoid future litigation costs) (quoting Deposit Guar. Nat. Bank v. Roper, 445 U.S. 326, 333-34 (1980) (a prevailing party may appeal "so long as that party retains a stake in the appeal")).

Here, Cannondale sought final disposition on the merits as to all claims, but the district court granted summary judgment only on the federal claim. The court dismissed without prejudice the state law claims. As a result, Cannondale received only a part of what it sought. This disposition left Cannondale open to precisely what happened in this case, a second litigation. Cannondale was sufficiently aggrieved by this result, and consequently has standing to appeal. See Jarvis, 985 F.2d at 1425 ("In this case, a successful appeal by Nobel would eliminate any possible re-filing . . . in state court[, and because] avoiding a state court suit would substantially reduce Nobel's future litigation costs, we find that Nobel has the requisite stake in this appeal."); Disher v. Information Res., Inc., 873 F.2d 136, 138-39 (7th Cir. 1989) (defendant prevailing on summary judgment on all but two claims may appeal dismissal without prejudice because the decision is not entirely in the defendant's favor by exposing the defendant to further litigation). Accordingly, we have jurisdiction over this appeal under 28 U.S.C. § 1291.

II.

Having established our appellate jurisdiction, we now turn to the merits of Cannondale's appeal regarding the district court's subject matter jurisdiction over Amazon's state law claims. A federal court has an independent obligation to examine its own jurisdiction. See Skrzypczak, 92 F.3d at 1052 (citing FW/PBS, Inc., 493 U.S. at 231)); Citizens Concerned for Separation of Church and State v. City and County of Denver, 628 F.2d 1289, 1301 (10th Cir. 1980) ("A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties.") (citations omitted). Absent exceptions not relevant here,[5] where a federal court properly has jurisdiction, the court must exercise it. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) ("[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."); Archuleta v. Lacuesta, 131 F.3d 1359, 1368 (10th Cir. 1997) (Baldock, J., dissenting) (citing Quackenbush, 517 U.S. at 716)).

Here, the district court apparently did not consider whether it had diversity jurisdiction over Amazon's state law claims. The record before us is not sufficient for us to make this determination. Accordingly, we remand to the district court to determine in

---

[5] For example, federal courts have declined to exercise jurisdiction under the abstention doctrines. See, e.g., Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Younger v. Harris, 401 U.S. 37 (1971); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959); Burford v. Sun Oil Co., 319 U.S. 315 (1943); Railroad Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941).

9

the first instance whether it had diversity jurisdiction over the dismissed state law claims. See Penteco Corp. v. Union Gas Sys., 929 F.2d 1519, 1523 (10th Cir. 1991) (remanding to district court to resolve evidentiary issues regarding whether it had diversity jurisdiction).

REMANDED.