**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HERMON STATEN,

      Plaintiff-Appellant,

v.

MIDWEST CONSTRUCTION
COMPANY; PAYLESS
SHOESOURCE, INC.;
STORMONT-VAIL INC.;
STORMONT-VAIL HEALTH CARE,
INC.,

      Defendants-Appellees,

   and

CLARKSON CONSTRUCTION
COMPANY, INC.,

      Defendant.

No. 02-3425
(D.C. No. 02-CV-4082-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**  *

---

Before **SEYMOUR** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

      *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Hermon Staten appeals pro se the dismissal of his discrimination and harassment claims against his former employers (defendants Midwest Construction Company and Payless ShoeSource, Inc.) and against medical providers (defendants Stormont-Vail Inc. and Stormont-Vail HealthCare, Inc.), under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm. [1]

---

[1] In the preliminary stages of this appeal, the record revealed that claims against another employer, Clarkson Construction Co., were dismissed without prejudice for Mr. Staten's failure to effectuate service within 120 days, pursuant to Fed. R. Civ. P. 4(m). Mr. Staten was free to re-file his claims against Clarkson. Thus, the district court's dismissal with prejudice of claims against the remaining defendants was not a final order as to all parties and was not appealable. *See Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) (where a plaintiff is free to re-file voluntarily-dismissed claims, a district court's order dismissing her other claims is not final for the purposes of 28 U.S.C. § 1291); *Amazon, Inc. v. Dirt Camp, Inc*., 273 F.3d 1271, 1275 (10th Cir. 2001) (stating that a dismissal without prejudice is usually not an appealable decision, unless "the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court"). We issued a show cause order directing Mr. Staten to secure from the district court an order granting certification under Fed. R. Civ. P. 54(b). The district court subsequently granted Mr. Staten's request.

(continued...)

Mr. Staten alleges that the employer-defendants treated him unfairly and forced him to undergo an MRI or CT scan, performed by Stormont-Vail HealthCare, Inc. During the unwanted medical procedure, metal particles were allegedly embedded in his brain, resulting in further harassment and loss of privacy. The district court dismissed Mr. Staten's federal employment claims for failure to exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC). *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs* ., 165 F.3d 1321, 1326 (10th Cir. 1999) (stating the general requirement that a claimant must exhaust his administrative remedies before pursuing a Title VII claim in federal court); *McBride v. CITGO Petroleum Corp* ., 281 F.3d 1099, 1105 (10th Cir. 2002) (discussing the parallel requirement under the ADA). Mr. Staten's state claims of harassment and medical malpractice were dismissed for failure to show diversity of citizenship. *See* 28 U.S.C. § 1332 (requiring diversity of citizenship among parties).

We review the district court's dismissal of Mr. Staten's claims de novo, *Sutton v. Utah State Sch. for Deaf & Blind* , 173 F.3d 1226, 1236 (10th Cir. 1999),

---

[1](...continued)

Because the identity of the appropriate Stormont-Vail party or parties was unclear from the record, we also ordered plaintiff to obtain a clarifying ruling while the matter was before the district court on the Rule 54(b) issue. The district court made it clear that both Stormont-Vail Inc. and Stormont-Vail HealthCare, Inc. were defendants in the case and that its dismissal on the merits applied to both entities.

construing his pro se filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After carefully reviewing the record on appeal, we AFFIRM the district court's dismissal for substantially the reasons stated in its Order of November 4, 2002. Defendant Clarkson Construction Company's motion to dismiss is DENIED as moot. Mr. Staten's motion to correct caption is GRANTED; all his other motions are DENIED. The mandate shall issue forthwith.

Entered for the Court


Stephanie K. Seymour
Circuit Judge