**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WARREN K. PYLES,

      Plaintiff-Appellant,

v.

THE BOEING COMPANY,

      Defendant-Appellee.

No. 03-3190
(D.C. No. 00-CV-2394-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The court below granted pro-se plaintiff Warren K. Pyles's motion to dismiss his case alleging employment discrimination against defendant The Boeing Company without prejudice. Now plaintiff appeals that dismissal, as well as the denial of his motion to alter or amend the judgment. A magistrate judge managed the case by consent and designation of the parties under 28 U.S.C. § 636(c), and we may hear appeals from decisions entered by magistrate judges in that position. *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 810-11 (10th Cir. 1989).

Plaintiff had requested the dismissal of his case without prejudice because he contended that, after firing six different attorneys, he would be unable to represent himself adequately at trial. In his words, dismissal of his case would "save all parties from having to devote any more time to a case that cannot be properly tried without competent counsel on both sides." Aplt. App. Vol. VIII, Doc. No. 280 at 2.

The magistrate judge granted plaintiff's motion, but imposed conditions on the dismissal to prevent abuse of the legal system. Plaintiff had fired the last of his six attorneys three weeks before trial, the deadline for completion of discovery had passed, a final pretrial order had been entered, and the majority of plaintiff's claims had been resolved on summary judgment in defendant's favor. The magistrate judge thus included in her order the following conditions:

1.  Plaintiff seeks dismissal because he currently is pro se. Accordingly, this case *may only be refiled by counsel* admitted to practice in the United States District for the District of Kansas. Any attorney refiling this case must affirmatively certify that he or she has read all documents filed in this case and is ready to proceed with trial.

2.  Boeing has expended substantial resources in discovery and trial preparation and the matter is ready for trial. Therefore, if the case should be refiled by plaintiff, no additional discovery will be permitted and the case will be set for trial. The issues presented in the complaint/final pretrial order may not be combined with any other lawsuit or claims by plaintiff.

3.  If the case should be refiled, plaintiff shall pay Boeing's attorney fees for attending the April 18, 2003 pretrial conference.

*Pyles v. Boeing Co.*, No. 00-2394-KMH, Mem. and Order at 5 (D. Kan. May 6, 2003).

In his subsequent motion to alter or amend the judgment, plaintiff argued, among other things, that, if he were to refile the case (1) the condition that his attorney be admitted to practice in the United States District Court for the District of Kansas would be too restrictive; and (2) the denial of further discovery would be a violation of his right to due process. In her decision denying the motion, the magistrate judge explained that the counsel requirement was not overly restrictive because any attorney who filed a case before the District Court for the District of Kansas had to be admitted to practice there. She also explained that the decision to preclude further discovery kept in place the discovery schedule that had been agreed upon between the parties. Because that procedure had already culminated

in a pretrial order and the case was being dismissed three weeks before trial, her

decision simply maintained plaintiff's position vis-a-vis defendants should he

refile suit.

On appeal, plaintiff reiterates these arguments against the magistrate

judge's order dismissing the case, and he challenges the grant of partial summary

judgment to defendant before the case was dismissed without prejudice. We

affirm. [1]

We review decisions regarding voluntary dismissal, as well as to alter or

amend that judgment, for abuse of discretion. *Ohlander v. Larson*, 114 F.3d

1531, 1536-37 (10th Cir. 1997) (motion for voluntary dismissal); *Computerized*

*Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir.

---

[1] We have considered whether we should dismiss for lack of an aggrieved party in this appeal, but decline to rule on this basis. As the U.S. Supreme Court has explained, under the rules of appellate procedure, "[o]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333-34 (1980). Therefore, "[a] party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Id.* Although this rule is not a jurisdictional limitation pursuant to Article III, *see id.*, it continues to have power in this court. *See generally, e.g.*, *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) (articulating the rule); *Jarvis v. Nobel/Sysco Food Servs. Co.*, 985 F.2d 1419, 1424 (10th Cir. 1993) (same). Nevertheless, because plaintiff arguably did not have specific warning before he requested dismissal that the magistrate judge's order would maintain the status quo relationship between the parties in future proceedings, we are not barred from hearing this appeal by the aggrieved party rule.

2002) (motion to alter or amend a judgment). Because plaintiff alleges no prejudice from the grant of partial summary judgment to defendant prior to the dismissal of his case, we need not review that issue at all. The rule of civil procedure that governs voluntary dismissals after a defendant has filed an answer or a motion for summary judgment "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted); Fed. R. Civ. P. 41(a)(2). Typically, our most important consideration in evaluating voluntary dismissals is whether the opposing party will suffer prejudice from the dismissal after preparing for trial. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

Because the magistrate judge carefully crafted the conditions of her order to maintain the position that the parties had held before plaintiff's motion, we hold that there has been no abuse of discretion. *See Phillips USA, Inc.*, 77 F.3d at 357. There has been no unfair effect here, and, under Rule 41(a)(2), the court is fully capable of imposing curative conditions in her order. *Id.* Plaintiff's

objections on appeal are without merit.  We AFFIRM the judgment of the court.

We DENY all other motions as moot.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge