**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL A. MITCHELL, M.D.,

        Plaintiff - Appellant,

    v.

ROCKY MOUNTAIN CANCER
CENTERS, LLP,

        Defendant - Appellee.

No. 08-1287

(D. Colorado)

(D.C. No. 07-cv-01479-BNB-MJW)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Plaintiff and appellant, Paul A. Mitchell, M.D., proceeding *pro se*, seeks to
appeal the grant of summary judgment in favor of defendant Rocky Mountain

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Cancer Centers, LLP ("RMCC"), in his action alleging race discrimination, a hostile work environment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. We remand.

## BACKGROUND

RMCC hired Mitchell as a Radiation Oncologist on August 19, 2002. Mitchell became a partner at RMCC on September 1, 2003. On February 6, 2006, RMCC presented Mitchell with a letter confirming his separation from RMCC and including a release of claims, in exchange for a severance pay of $137,500.00.

Mitchell then brought this action against RMCC, alleging discriminatory discharge, a hostile work environment, retaliation based on race, and age discrimination. Both sides consented to refer the case to a magistrate judge. See 28 U.S.C. § 636(c). After RMCC filed a motion to dismiss the age discrimination claim, Mitchell conceded that his age discrimination claim lacked merit and "removed age discrimination as a cause of action in this civil suit." Pl.'s Br. and Aff. in Opposition to Defendant's Mot. for Summ. Judgment at 1.

Accordingly, on August 5, 2008, the magistrate judge entered an order dismissing as withdrawn Mitchell's age discrimination claim and granting summary judgment to RMCC on the claims for discriminatory discharge and hostile work environment. The magistrate judge also ordered supplemental briefing on Mitchell's remaining claim for retaliation.

On August 13, 2008, Mitchell filed a notice of appeal with our court, attempting to appeal the entry of summary judgment on the claims of discriminatory discharge and hostile work environment. On August 19, 2008, this court issued an order stating it was considering summary dismissal of this appeal for lack of appellate jurisdiction because all of the claims against all of the parties had not been adjudicated. We accordingly ordered Mitchell to serve and file, within thirty days of our order, "a copy of a district court order entering either a final judgment or a Rule 54(b) certification." Mitchell v. Rocky Mountain Cancer Centers, LLP., No. 08-1287 (10th Cir., August 19, 2008).

On August 25, 2008, Mitchell filed a motion styled as "Plaintiff's Motion for the Withdraw[al] of Pending Claim and Motion for District Court Order of Final Judgment." Mitchell stated he "knowingly and voluntarily withdraws his pending retaliation claim against" RMCC and "now removes the remaining obstacle for the District Court to Enter a Final Judgment Order on **Mitchell v. Rocky Mountain Cancer Centers**."

On August 26, 2008, the magistrate judge construed Mitchell's motion as a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1), and granted the motion. The court observed that RMCC had filed a response to Mitchell's motion, "stipulating to the dismissal of the [retaliation] claim without prejudice." Order, Mitchell v. Rocky Mountain Cancer Centers, LLP., No. 07-01479

(August 26, 2008). The court accordingly dismissed the retaliation claim without prejudice.

On August 29, 2008, this court issued an order, observing that "[a]lthough the district court dismissed the remaining claim, because the dismissal was without prejudice it may not be sufficient to render the earlier orders final for purposes of appeal." Mitchell v. Rocky Mountain Cancer Centers, LLP., No. 08-1287 (10th Cir., August 29, 2008) (citing Jackson v. Volvo Trucks, 462 F.3d 1234, 1238 (10th Cir. 2006) ("Our general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court.")). We therefore directed Mitchell to serve and file, within thirty days of our order, "a copy of a district court order entering either a final judgment or a Rule 54(b) certification." Id.

On September 24, 2008,[1] Mitchell filed a motion styled a **"Motion for the Dismissal of Retaliation claim be With Prejudice and the Court issue an Order of Final Judgment**." Mitchell stated that, "[t]his Court dismissed Plaintiff's claim of retaliation **without prejudice**, which effectively barred Mitchell from seeking appeal of the summary judgment awarded in favor or Rocky Mountain Cancer Centers. Furthermore, Plaintiff now removes the

---

[1]Mitchell's motion was dated September 24, 2008, although it was not file stamped until September 26.

remaining bar for the Court to Enter a **Final** Judgment Order on **Mitchell v. Rocky Mountain Cancer Centers**." On September 25, 2008, the court entered an order again denying Mitchell's motion, explaining as follows:

> The plaintiff now requests that the retaliation claim be dismissed with prejudice. Because "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment," Fed. R. Civ. P. 59(e), I construe the Motion as one for relief under Fed. R. Civ. P. 60. A litigant may seek relief from a judgment under Rule 60 on various grounds. The plaintiff does not identify or discuss which grounds, if any, entitle him to the relief he seeks, and none is obvious to me.

The court therefore denied Mitchell's motion.

Mitchell subsequently sought certification under Fed. R. Civ. P. 54(b), which provides, in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The district court quoted at length from our discussion of Rule 54(b) and its history and purpose in Oklahoma Turnpike Authority v. Bruner, 259 F.3d 1236, 1241-43 (10th Cir. 2001), in support of its conclusion that a Rule 54(b) certification of a final order was inappropriate in this case:

> a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the

final order until it has conclusively ruled on all claims presented by the parties to the case.

. . . .

To be considered "final," an order must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. While the exact definition of "claim" for purposes of Rule 54(b) is unsettled, a claim is generally understood to include all factually or legally connected elements of a case. . . . Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved.

Id. at 1241-43; see also Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005) ("The controlling jurisdictional question is thus whether Mr. Jordan's facial vagueness claim is 'distinct and separable from the claims left unresolved.'") (quoting Bruner, 259 F.3d at 1241). While "there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not," the "distinction is based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." Id.

The district court went on to observe that "no barrier exists to prevent [Mitchell] from reasserting [his retaliation claim]," which had been dismissed without prejudice. Moreover, the court noted that Mitchell's motion seeking dismissal of his retaliation claim expressly stated that the motion, if successful, would remove the remaining "obstacle" to the district court's entry of a final judgment permitting appeal of the discrimination and hostile work environment

-6-

issues. Such a motion, the district court stated, runs afoul of our court's admonition that we do "not have jurisdiction over an appeal where the plaintiff caused a voluntary dismissal of pending claims to manufacture finality for a joined claim that was dismissed with prejudice." Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 n.4 (10th Cir. 2001) (further citation omitted). The district court accordingly denied Mitchell's motion for a Rule 54(b) certification. This appeal followed.

## DISCUSSION

We must first determine whether we have jurisdiction over this appeal. Sosa-Valenzuela v. Gonzales, 483 F.3d 1140, 1143 (10th Cir. 2007). We conclude that we do not, and we must remand this case once again.

The case presents us with a conundrum. While both parties argue that we have jurisdiction over this appeal because the district court's grant of summary judgment, coupled with the dismissal of the retaliation claim, even without prejudice, amounts to a final appealable order, and both parties obviously wish to have the merits of this case resolved, the procedural posture of the case leaves us no choice but to remand it. If, as the district court found, Mitchell's retaliation claim is a viable, still "alive" claim, then the court correctly found that Rule 54(b) certification is improper, we do not have a final order to review, and further proceedings on the retaliation claim must occur in the district court prior to any

-7-

appeal. If, as both parties urge, it is not a viable claim, then the district court must enter a final order from which a proper appeal may be taken. In either event, an action is necessary in the district court before we have jurisdiction over an appeal.

For the foregoing reasons, this case is REMANDED for further proceedings consistent herewith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge