**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAURIE BORDOCK,

     Plaintiff - Appellant,

v.

CITY OF EUFAULA, Oklahoma;
COUNTY OF McINTOSH,

     Defendants - Appellees.

No. 17-7047
(D.C. No. 6:16-CV-00571-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Plaintiff Laurie Bordock, appearing pro se, appeals from the district court's

dismissal without prejudice of the civil rights action she filed against the City of

Eufaula, Oklahoma (the City), and County of McIntosh, Oklahoma (the County).

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

On December 19, 2016, Bordock initiated this action by filing in the United States District Court for the Western District of Oklahoma a pro se complaint against the City and the County. The complaint alleged that Bordock "was falsely arrested . . . for no good reason outside [a] Dollar Store" and then confined in the county jail "for 4 nights until they released [her]."[1] ROA, Vol. 1 at 6. The complaint further alleged that, during her time in the county jail, Bordock was fed "pure white starch & pure white sugar," "was not let out of the cell," was not allowed to shower, and had to drink water from "the toilet faucet." Id. at 6-7. Lastly, the complaint alleged that when Bordock was released, jail personnel "failed to give [her back her] state I.D.," which caused her "to make another trip" to the jail. Id. at 7.

On December 22, 2016, the judge initially assigned to the case issued an order transferring the case from the Western District of Oklahoma to the Eastern District of Oklahoma. The order noted that the complaint "contain[ed] no allegations against any resident of the geographical area comprising the Western District of Oklahoma," and otherwise did not "allege that any act or omission underlying Plaintiff's claims occurred within . . . or involved any property located" in the Western District of Oklahoma. Id. at 10.

On January 24, 2017, the City moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

---

[1] Although Bordock's complaint contained no dates, the City subsequently acknowledged that Bordock was arrested on November 18, 2016.

The City argued that Bordock's complaint "failed to identify the specific acts of Defendants City and McIntosh County that she claim[ed] violated her rights," and instead "resort[ed] to a vague collective accusation." Id. at 19. The City further argued that it "d[id] not operate or maintain the McIntosh County Jail and, therefore, c[ould not] be liable for any alleged constitutional violation occurring there." Id. Lastly, the City argued that Bordock's complaint failed to identify any City policy, practice, or custom that was linked to her allegedly false arrest. Id. at 20-21.

On January 31, 2017, the district court issued an order directing Bordock "to file an Amended Complaint providing additional factual averments which m[ight] vitiate [the City's] claims of insufficiency, no later than March 3, 2017." Id. at 25. Bordock, however, failed to respond to this order.

On March 16, 2017, the district court issued an order directing Bordock "to file a response to the pending Motion to Dismiss no later than April 7, 2017." Id. at 27. The order advised Bordock that "[i]f no response [wa]s filed, the motion w[ould] be deemed confessed." Id. Bordock again failed to respond.

On May 10, 2017, the district court issued an order granting the City's motion to dismiss. The district court noted in its order that Bordock's complaint "pled no facts from which a plausible claim of false arrest c[ould] be inferred." Id. at 30. The district court further noted that "no facts ha[d] been pled that the City . . . operate[d] or maintain[ed] the McIntosh County Jail" and therefore "no plausible claim of responsibility for jail conditions ha[d] been stated." Id.

3

On May 15, 2017, Bordock filed a handwritten document stating, in pertinent part, "If this case has been closed, I would like to appeal it!" Id. at 31. The document also included additional allegations, but most of them were illegible. The district court clerk's office construed the document as a notice of appeal and docketed it as such. On May 17, 2017, this court issued an order noting that "[t]he district court order being appealed did not finally adjudicate all of the claims" and that "[t]he claims against the County . . . [we]re still pending before the district court." Id. at 41. The order therefore directed Bordock to show cause within twenty-one days "why the appeal should not be dismissed for lack of jurisdiction." Id. Bordock failed to respond to the order and, on June 21, 2017, the appeal was dismissed for lack of prosecution.

Meanwhile, the County sought and was granted leave by the district court to file a motion to dismiss Bordock's complaint for failure to state a claim upon which relief could be granted. The County argued in its motion that "the Complaint [wa]s devoid of any specific factual allegations that demonstrate[d] any plausible claim for relief against" the County. Id. at 44. More specifically, the County argued that the complaint was "devoid of any allegation of fact which affirmatively link[ed] any act or omission by the" Board of County Commissioners of McIntosh County "to the alleged violations of [Bordock's] constitutional rights." Id. at 50. The County also argued that Bordock's complaint failed to allege sufficient facts to establish false arrest or conditions of confinement claims under 42 U.S.C. § 1983. Lastly, the County argued generally that Bordock's complaint was "nearly incomprehensible"

4

and included "[n]o specific factual allegations . . . against any particular Defendant that would provide fair notice to the Defendants and present a plausible right to relief." Id. at 54-55.

On July 14, 2017, the district court issued an order noting that Bordock had failed to respond to the County's motion to dismiss and directing Bordock to file a response to the motion "no later than August 15, 2017." Id. at 61. The district court stated that "[i]f no response [wa]s filed, the motion w[ould] be deemed confessed" and the case could "be dismissed pursuant to the Federal Rules of Civil Procedure." Id.

On August 17, 2017, the district court issued an order granting the County's motion to dismiss. The district court noted that Bordock failed to respond to the motion. Despite that fact, the district court examined Bordock's complaint and concluded that it failed to state a claim upon which relief could be granted against the County.

On the same date, August 17, 2017, the district court issued judgment in the case and stated that "this action is dismissed without prejudice." Id. at 65.

Bordock subsequently filed a notice of appeal.

II

As a threshold matter, defendants argue in their appellate briefs that we lack appellate jurisdiction over Bordock's appeal because the district court dismissed her action without prejudice. We reject that argument. "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the

5

case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 (10th Cir. 2001). And that is precisely the situation we have here. The district court, after concluding that Bordock's complaint failed to state a claim for relief against either named defendant, entered a final judgment dismissing the action without prejudice. Without question, that final judgment clearly and finally disposed of the case and effectively excluded Bordock from federal district court. As a result, we have appellate jurisdiction to entertain Bordock's appeal.

III

Having concluded that we have appellate jurisdiction over this case, we now turn to the merits of Bordock's appeal. We review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. See Carney v. Okla. Dep't of Pub. Safety, 875 F.3d 1347, 1352 (10th Cir. 2017). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2017) (quotation marks omitted). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. (quotation marks omitted).

Bordock's appellate brief essentially repeats the vague allegations of her complaint, stating that she "was falsely arrested & thrown in their pathetic county

6

jail, where [she] was completely ignored for 4 days & given a starvation diet!" Aplt. Br. at 2. The only additional detail that Bordock provides regarding her false arrest claim is that, immediately prior to her arrest, she "had asked some lady for a quarter and . . . she may have called the cops on [Bordock]." Id. at 6. As for the conditions of confinement she was subjected to in the McIntosh County Jail, Bordock provides no additional details. Ultimately, Bordock's appellate brief discusses other unrelated matters, including "rapists . . . being given jobs as police officers and state troopers," the increase in the number of "bad drivers" in the State of Oklahoma, "dope activity at the hotel [she] was staying at, a raid of that hotel by law enforcement officials, and earthquakes occurring "in Oklahoma City due to the corporate greed of their oil corporations." Id. at 6-7.

In light of Bordock's pro se status, we have conducted our own independent examination of the record on appeal, including Bordock's complaint and the defendants' motions to dismiss. Having done so, we agree with the district court that the complaint failed to assert a valid claim for relief under 42 U.S.C. § 1983 against either named defendant. With respect to the false arrest claim, the allegations in the complaint are simply too vague to connect Bordock's alleged arrest with either the City or the County. Although the City acknowledged in its motion to dismiss that its police department carried out the arrest, the complaint itself alleges no connection between the arrest and any City policy or custom. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that civil rights plaintiffs suing a municipal entity under § 1983 must show that their injury was caused by a

7

municipal policy or custom).  The same essentially holds true for Bordock's unconstitutional conditions of confinement claim.  Indeed, the County noted in its motion to dismiss, and Bordock has not disputed, that the McIntosh County Jail is actually operated and managed by the McIntosh County Sheriff's Department and is not overseen by the McIntosh County Board of Commissioners.  In other words, there is no alleged connection between the events that allegedly occurred in the McIntosh County Jail and the two named defendants.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge