**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DAWN HEPIKIYA MEDINA; JUSTIN
HORTON; MADELAINE THOMPSON;
LUKE MELVIN LEWIS; MARCOS
HERNANDEZ; DENISE ANN BEIERLE,
on behalf of themselves and all others
similarly situated,

      Plaintiffs - Appellants,

v.

THE HONORABLE ANNE MARIE
MCIFF ALLEN; THE HONORABLE
JEREMIAH HUMES; THE
HONORABLE CHRISTINE JOHNSON;
THE HONORABLE THOMAS LOW;
THE HONORABLE MATTHEW BELL,
in their official capacities,

      Defendants - Appellees.

------------------------------

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION; AMERICAN CIVIL
LIBERTIES UNION OF UTAH,

      Amici Curiae.

No. 23-4057
(D.C. No. 4:21-CV-00102-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **PHILLIPS**, **MORITZ**, and **EID**, Circuit Judges.

_____

This putative class action asserts that Utah's bail procedures violate the Sixth and Fourteenth Amendments. But because the claims at issue on appeal are being asserted by an uncertified class, we lack appellate jurisdiction. For the same reason, the district court also lacked jurisdiction over the merits of these claims. We therefore dismiss the appeal, vacate the district court's merits rulings, and remand for the district court to consider plaintiffs' still-pending motion to certify a class and for further proceedings as necessary.

**Background**

Dawn Medina, Justin Horton, Madelaine Thompson, Luke Lewis, Marcos Hernandez, and Denise Beierle—the named plaintiffs—challenge Utah's bail system on behalf of themselves and all those similarly situated. The operative second amended complaint alleges that the named plaintiffs were each held in pretrial custody from the date of their warrantless arrests until at least the date of their initial appearances solely because they could not afford to pay their bail. It further alleges that judicial officers set bail without considering an arrestee's ability to pay, without providing notice to the arrestee or allowing them to participate, and without appointing counsel to the arrestee. And according to the complaint, the initial

_____

estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

appearance itself is also constitutionally deficient because counsel is not appointed until during that hearing.

The result of this system, the complaint alleges, is that "hundreds of people are detained in county jails every day solely because they cannot afford to purchase their liberty." App. vol. 2, 413. The complaint accordingly asserts Sixth and Fourteenth Amendment claims for declaratory relief against various Utah magistrates who make initial bail determinations and preside over initial appearances. And because the named plaintiffs seek to represent a class, they also sought class certification.

Defendants moved to dismiss on various grounds. Ruling on that motion, the district court began by considering its jurisdiction. As relevant here, it first ruled that although the named plaintiffs had standing to pursue their claims for retrospective declaratory relief, such claims were barred by sovereign immunity. Next, the district court concluded that the named plaintiffs lacked standing to pursue prospective declaratory relief because they had no continuing injury from their since-resolved pretrial detentions and because any future pretrial detentions were "not a current threat." *Id.* at 546. However, the district court reasoned that the unnamed class members did have standing to pursue such prospective relief—but it did not certify the class or otherwise rule on the motion to certify.[1]

---

[1] The district court also concluded, among other things, that recent changes to Utah's bail system did not moot the case and that the *Ex parte Young* exception to sovereign immunity permitted the class members' claim for prospective declaratory relief.

Turning to the merits, the district court concluded that Utah's bail system satisfied procedural due process and that it was subject to and satisfied rational-basis review for purposes of substantive due process and equal protection. The district court also concluded that there was no Sixth Amendment violation because the right to counsel attaches at the initial appearance, not before, and because the initial setting of bail is not a critical stage of a case. It accordingly dismissed the case, and plaintiffs filed this appeal.

**Analysis**

Plaintiffs' opening brief focuses entirely on the district court's merits rulings. But defendants assert in response that we cannot reach the merits because we lack jurisdiction over claims being asserted only by an uncertified class. Plaintiffs dispute this argument in their reply brief, but they alternatively suggest that if we lack jurisdiction, then the district court did as well. Because jurisdiction is a determinative threshold consideration that we are not at liberty to presume, we begin—and ultimately end—there. *See Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1273 (10th Cir. 2023) (noting "duty to examine our own jurisdiction" (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001))); *Rio Grande Found. v. City of Santa Fe*, 7 F.4th 956, 959 (10th Cir. 2021) (noting "duty to assure ourselves of the district court's subject-matter jurisdiction" (quoting *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1211 (10th Cir. 2018))).

Article III of the United States Constitution limits federal judicial power to "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. As relevant here, the case-

4

or-controversy limitation ensures that federal courts decide only questions presented in a true adversarial context that are "capable of resolution through the judicial process." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). In practical terms, courts typically analyze the case-or-controversy requirement through the doctrines of standing and mootness: "[s]tanding concerns whether a plaintiff's action qualifies as a case or controversy when it is filed; mootness ensures it remains one at the time a court renders [a] decision." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1159–60 (10th Cir. 2023) (quoting *Brown v. Buhman*, 822 F.3d 1151, 1163 (10th Cir. 2016)). Both doctrines, and mootness in particular, ensure that litigants have a personal stake in the outcome of the proceedings, such that the dispute is a live case or controversy "capable of judicial resolution." *Geraghty*, 445 U.S. at 396–97.

Class actions involve unique mootness rules. *See id.* at 397–401. First, "mootness of the named plaintiff's individual claim after a class has been duly certified does not render the action moot." *Id.* at 397 (emphasis omitted). In *Sosna v. Iowa*, for instance, the Supreme Court explained that if the named plaintiff "had sued only on her own behalf," her case would have been moot because while the action was pending, she satisfied the residency requirement she sought to challenge. 419 U.S. 393, 399 (1975). But the named plaintiff had filed a class action, and the district court had certified the class. *See id.* Thus, "the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [the named plaintiff]." *Id.*; *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 51

(1991) ("[B]y obtaining class certification, plaintiffs preserved the merits of the controversy for our review.").

Second, a "named plaintiff may litigate the class[-]certification issue despite loss of [their] personal stake in the outcome of the litigation." *Geraghty*, 445 U.S. at 398. If the class is eventually certified, the certification will relate back to the filing of the initial complaint so that the action as a whole remains live. *See Sosna*, 419 U.S. at 402 n.11; *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (explaining that class action was not moot even though it was unclear whether any named plaintiffs' claims were live at time of certification). If, on the other hand, certification is denied, a named plaintiff may litigate the issue of certification on appeal. *See Geraghty*, 445 U.S. at 404.

Here, the district court held that the named plaintiffs could not pursue prospective declaratory relief because they were no longer being detained and it was purely speculative that they would be arrested in the future and subjected, once again, to the allegedly unconstitutional bail proceedings. *See Collins v. Daniels*, 916 F.3d 1302, 1314–15 (10th Cir. 2019) (noting that named plaintiff's "claims for prospective relief [were] moot because she [wa]s no longer subject to pretrial supervision" and threat of being again subject to such supervision was speculative);[2] *cf. Sosna*, 419

---

[2] We described the litigation in *Collins* "as a putative class action on behalf of all New Mexico criminal defendants whose bail hearings have been or will be conducted using the [challenged rules]." 916 F.3d at 1310. But we did not mention class certification in any context—whether it had been sought, obtained, or denied. *See id.* at 1309–11. And when we held that none of the named plaintiffs had standing to pursue prospective relief, we did not mention or consider the standing of any

U.S. at 399–400 (explaining that it would be speculative to reason that named plaintiff herself would be subject again to challenged residency requirement). That left only the unnamed class members' claims for prospective declaratory relief, but the district court never certified that class of unnamed individuals.

This is a critical failure. In the absence of certification, the district court was not presented with a live case or controversy as to the merits of the claims; instead, it retained jurisdiction only over the certification motion. *See Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 838 F.3d 297, 303–05 (3d Cir. 2016) (holding that district court lacked jurisdiction to rule on merits of claims where named plaintiffs' claims were moot and class certification had been denied); *cf. Sosna*, 419 U.S. at 404 (explaining that if denial of certification is reversed on appeal "and a class subsequently is properly certified, the merits of the class claim *then* may be adjudicated" (emphasis added)). And for us, on appeal, the Supreme Court has been clear that "[a] named plaintiff whose claim expires may not continue to press the appeal on the merits until a class has been properly certified." *Geraghty*, 445 U.S. at 404.

We must therefore dismiss the appeal, as defendants urge in their response brief. However, we must also vacate the district court's merits rulings for lack of

---

unnamed class members. *See id.* at 1315. So even though defendants relied on *Collins* below to argue that even the unnamed members of the uncertified class lacked standing, *Collins* in fact says nothing about unnamed class members and is relevant only inasmuch as it supports the district court's ruling on the named plaintiffs' inability to pursue prospective declaratory relief.

jurisdiction, as plaintiffs urge in their reply brief. And because the district court retains jurisdiction over the class-certification motion, we additionally remand for the district court to consider that issue and for further proceedings as necessary.

## Conclusion

Because an uncertified class asserts the only claims at issue in this action, we lack appellate jurisdiction. And the district court's jurisdiction over these claims extends only as far as the class-certification motion. We therefore vacate oral argument, dismiss the appeal, vacate the district court's merits rulings, and remand for the district court to consider class certification and for further proceedings as required.

As a final matter, we grant plaintiffs' unopposed motion to supplement the appendix with their class-certification motions.

Entered for the Court

Nancy L. Moritz
Circuit Judge

8