FILED
United States Court of Appeals
Tenth Circuit

**May 20, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

|  |  |
|---|---|
| PAUL HUGGINS, | |
| Plaintiff - Appellant, | |
| NICOLE HUGHES, | No. 08-1320 |
| | (D. Colo.) |
| Plaintiff, | (D.Ct. No. 1:08-CV-01311-ZLW) |
| v. | |
| KEITH COLEMAN; JOHN GOODFELLOW; GREGORY INNES; TIMOTHY M. SULLIVAN; CRAIG SCHMACKER, House of Rental's; UNITED STATES GOVERNMENT; COLORADO STATE GOVERNMENT; SUPREME COURT OF THE UNITED STATES, | |
| Defendants - Appellees. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). Therefore, this case is ordered submitted without oral argument.

While incarcerated in Denver County Jail, Paul Huggins filed a complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, identifying himself and Nicole Hughes as plaintiffs.  On June 20, 2008, the magistrate judge issued an order directing Huggins and Hughes to cure various deficiencies in their initial filings within thirty days.  On August 11, 2008, the district court dismissed the complaint without prejudice for failure to cure the deficiencies and entered judgment in favor of the defendants.

On September 2, 2008, Huggins filed a notice of appeal that only he had signed[2] and both Huggins and Hughes filed an improperly notarized Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24.[3]  On September 3, the district court entered an order requiring Huggins and Hughes to either pay the filing fee or file a properly notarized motion and affidavit.  On September 10, Hughes submitted another improperly

---

[2]  Because Hughes did not sign the notice of appeal, she is not a party to this appeal.

[3]  Huggins purported to notarize the Motion and Affidavit on his and Hughes' behalf.

notarized Motion and Affidavit.[4]  The district court denied leave to proceed *ifp*

because the motions and affidavits were not notarized by a disinterested third-

party as required by Colo. Rev. Stat. § 12-55-110(2) and were not executed as

required by 28 U.S.C. § 1746.  Huggins has filed with this Court another motion

for leave to proceed *ifp*.[5]

Before considering Huggins' motion for leave to proceed *ifp*, we must first

consider whether we have jurisdiction over this appeal.  *See Amazon, Inc. v. Dirt

Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) ("A federal court has an

independent obligation to examine its own jurisdiction.").  Pursuant to 28 U.S.C.

§ 1291, the courts of appeals have jurisdiction over "final decisions of the district

courts."  A final decision is "one which ends the litigation on the merits and

leaves nothing for the court to do but execute the judgment."  *Catlin v. United

States*, 324 U.S. 229, 233 (1945).  "Our general rule is that a party cannot obtain

appellate jurisdiction where the district court has dismissed at least one claim

without prejudice because the case has not been fully disposed of in the lower

court."  *Jackson v. Volvo Trucks N. Am.*, 462 F.3d 1234, 1238 (10th Cir. 2006).

---

[4]  Again, Huggins purported to notarize the Motion and Affidavit on Hughes' behalf.

[5]  Although Huggins was a prisoner at the time he filed his complaint, he was released from custody prior to filing his notice of appeal.  The filing fee provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), (b), (g), (h), therefore do not apply to this appeal.  *See Whitney v. New Mexico*, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997).

This rule does not apply "where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court." *Id.* (quotations omitted).

Here, the district court dismissed Hughes and Huggins' complaint without prejudice for failure to cure certain deficiencies. There is nothing preventing Hughes and Huggins from curing those deficiencies and refiling their complaint. Accordingly, we **DISMISS** Huggins' appeal for lack of jurisdiction and **DENY** his motion to proceed *ifp*.

 

                **Entered by the Court:**

                **Terrence L. O'Brien**
                United States Circuit Judge