**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FREDDIE EUGENE MCCOY,

      Plaintiff - Appellant,

v.

STATE OF WYOMING; WYOMING
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 16-8116
(D.C. No. 2:15-CV-00103-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

In this employment discrimination case, Freddie Eugene McCoy appeals pro se

from district court orders that dismissed his complaint, partially extended the deadline to

amend, closed the case for failure to timely amend, and denied reconsideration.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

___

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

McCoy, an African-American, began working in 2009 as a corrections officer for the Wyoming Department of Corrections (WDOC). He claims that in July 2010, he was erroneously disciplined for a "work rule violation" that occurred when he was a probationary employee. R. at 8. He continued working for another year, but then resigned and filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC).

In October 2012, McCoy reapplied for employment and also sought reinstatement to his former job. When WDOC denied reinstatement, McCoy filed another charge with the EEOC. Several months later, WDOC allegedly relied on "various false statements concerning state personnel rules" to find him ineligible for any job. *Id.* at 9.

In July 2015, McCoy filed a Title VII and § 1983 action in federal court against the State of Wyoming, WDOC, Director Robert Lampert, the Wyoming Department of Administration and Information (A&I), and Personnel Officer Brenda Reedy. He claimed that the defendants' failure to re-employ him was discriminatory because Caucasian employees had been re-employed, and retaliatory because he had complained of discrimination. But despite three extensions of time and guidance from the district court on how to accomplish service of process, McCoy successfully served only the State of Wyoming and WDOC. He sought reconsideration of the district court's service-related orders on multiple occasions, each time accusing the court of making false allegations or giving the defendants preferential treatment by insisting on proper service.

2

Ultimately, the district court dismissed A&I, Lampert, and Reedy from the case without prejudice for lack of service.[1]  The remaining defendants then moved to dismiss the complaint.

On June 21, 2016, the district court granted the motion to dismiss, concluding that McCoy's Title VII claims failed because he offered only conclusory allegations of unlawful discrimination, and he failed to identify any connection between his discrimination charge and WDOC's failure to re-employ him.  As for his § 1983 claims, the court found them barred by Eleventh Amendment immunity.  The court gave McCoy 24 days, until July 15, to amend the Title VII claims, and it dismissed the § 1983 claims with prejudice.[2]

On July 13, McCoy sought a 30-day extension to file an amended complaint.  The court granted the request and extended the deadline to August 15.

On August 15, McCoy sought reconsideration of the dismissal of his § 1983 claims, arguing, among other things, that the district court had given "special treatment" to Reedy "because of her race and gender."  Suppl. R. at 72.  McCoy also sought 30 more days to file an amended complaint due to a "personal and continuing health problem."

---

[1] To the extent McCoy argues for the first time in his reply brief that he properly served these three defendants, that argument is waived.  *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (observing that "a party waives issues and arguments raised for the first time in a reply brief" (internal quotation marks omitted)).

[2] McCoy has waived challenging the dismissal of his § 1983 claims, as he has advanced no argument that the district court erred in dismissing those claims.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (stating that arguments not raised or inadequately presented in an opening brief are deemed waived).

*Id.* at 88.  The district court, on August 18, denied reconsideration, but gave McCoy until September 2 to amend his complaint on the Title VII claims.  The court warned McCoy that failure to timely comply would result in the closure of his case.

The September 2 deadline passed without McCoy filing an amended complaint.  Consequently, on September 6, the district court dismissed the Title VII claims with prejudice for failure to prosecute and failure to follow the court's orders.  McCoy submitted an amended complaint that same day, but the district court rejected it and closed the case.

Several weeks later, McCoy moved for reconsideration, claiming he did not receive the court's order extending the August 15 amendment deadline to only September 2.  The district court denied reconsideration, finding his claim of non-receipt unsupported by the record and lacking in credibility.

## DISCUSSION
### I. Dismissing the Title VII Claims Without Prejudice

We review de novo the district court's Rule 12(b)(6) dismissal, looking to whether the complaint's "factual allegations plausibly suggest the defendant is liable." *Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (internal quotation marks omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration, citation, and internal quotation marks omitted).  Because McCoy is

proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

In his opening brief, McCoy does not explain why he believes his complaint plausibly states Title VII discrimination and retaliation claims. Instead, he recites the applicable standards of review and then requests reversal. This is insufficient to invoke appellate review and avoid waiver. Even a pro se appellant must articulate his reasons for reversal. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005).

But if we were to overlook McCoy's waiver on the basis that he has offered some clarification in his reply brief, he has done so only as to the discrimination claim. And then, he merely repeats his complaint's allegations that he was not re-employed because of "false statements concerning State personnel rules," Aplt. Reply Br. at 6, and that he "was treated differently from other similarly situated employees," *id.* at 5. These allegations do not indicate that racial discrimination was the plausible, rather than just the possible reason McCoy was not re-employed. *See Iqbal*, 556 U.S. at 678 (indicating that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" (internal quotation marks omitted)).

"While plaintiffs don't have to incant any particular litany of facts to support a claim of differential treatment, they *do* have to allege some set of facts that taken together plausibly suggest differential treatment of similarly situated employees." *Hwang v. Kan. State Univ.*, 753 F.3d 1159, 1164-65 (10th Cir. 2014). Missing from McCoy's complaint

5

are allegations identifying the "false statements" about personnel rules or indicating how their application blocked his re-employment. Moreover, it is merely a legal conclusion to assert that other employees were similarly situated but treated differently. *See id.* at 1164. Instead, there must be some allegation describing the WDOC personnel who were re-employed, showing that "they [were] like [McCoy] in a[ ] relevant way." *Id.*

Because McCoy's complaint lacked a plausible Title VII discrimination claim, and because he has waived any challenge to the dismissal of his retaliation claim, we find no error in the district court's initial dismissal of those claims.

## II. Partially Extending the Time to Amend the Title VII Claims

McCoy argues that the district court erred by extending the August 15 amendment deadline only 18 days to September 2, 2016. He contends his health problems were good cause for the 30-day extension he had requested. We review for abuse of discretion a district court's ruling on a Fed. R. Civ. P. 6(b) motion for extension of time. *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). A district court abuses its discretion if it "makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alterations and internal quotation marks omitted).

We conclude that the district court's decision to grant only an 18-day extension was not an abuse of discretion. At the time of McCoy's extension request, the district court had already extended the original 24-day amendment period by 30 days. And in his extension request, McCoy did not not explain why another 30 days was needed to allege two plausible Title VII claims. He merely stated that he had a "personal and continuing

6

health problem." Suppl. R. at 88. Further, the case had been pending for over a year when McCoy made the request. He wasted much of that time accusing the district court in reconsideration motions of making false statements or giving the defendants preferential treatment by insisting on proper service and recognizing Eleventh Amendment immunity. Under these circumstances, we cannot say the district court made a clear error of judgment or exceeded the bounds of permissible choice by extending the amendment period an additional 18, rather than 30, days.

### III. Dismissing with Prejudice and Closing the Case

McCoy argues that the district court erred by dismissing his Title VII claims with prejudice and closing the case for failure to prosecute and failure to follow court orders regarding the filing of an amended complaint.[3] We review for an abuse of discretion. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

Federal Rule of Civil Procedure 41(b) authorizes the sua sponte dismissal of an action for failure to prosecute or to comply with a court order. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). In dismissing McCoy's complaint and closing the case, the district court recounted how McCoy had drawn out the proceedings by filing multiple reconsideration motions which did little more than impugn the court's integrity. It further noted that McCoy had been given guidance and multiple extensions of time to

---

[3] McCoy does not argue that his amended complaint cured the pleading deficiencies of his original Title VII claims. Indeed, he asks that we reverse the district court's decision and remand the case "back to [the] District Court with the original complaint to the next stage of [the] discovery process." Aplt. Opening Br. at 4.

7

properly serve the defendants and to allege plausible Title VII claims. Finally, the court observed that McCoy had been warned of the consequences of further delaying the case. Given this history, we agree with the district court that the time for showing McCoy leeway had expired and it was time to enforce the court's deadlines. Accordingly, we discern no abuse of discretion. *Cf. Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323-24 (10th Cir. 2011) (finding no abuse of discretion in dismissal with prejudice where "the record show[ed] that a party failed to comply with a document request and two court orders compelling production of materials").

## IV. Denying Reconsideration

The district court denied McCoy's final motion to reconsider, explaining that its August 18 order, which set the amendment deadline at September 2, was mailed to the proper address. Moreover, the court observed, McCoy had no right to an extension beyond August 15, and he made no inquiries as to the status of his August 15 extension request until September 6. Finally, the court noted that McCoy had been given ample time—indeed, over 70 days—to amend his complaint. Under these circumstances, we conclude that the district court did not abuse its discretion in denying reconsideration. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (indicating that reconsideration motions are reviewed only for an abuse of discretion).

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge