**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRAVIS HODSON,

      Plaintiff - Appellant,

v.

NANCY KROLL; MATTHEW ELBE;
BRANDON WILLIAMS; ROBYN JUBA;
STEVE REAMS; UNKNOWN DEPUTY
(A); UNKNOWN DEPUTIES,

      Defendants - Appellees.

No. 17-1339
(D.C. No. 1:16-CV-00446-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

    Travis Hodson, proceeding pro se, sued various state correctional officials and law

enforcement personnel for constitutional violations under 42 U.S.C. § 1983. He appeals

from the district court's dismissal of his case without prejudice for failure to prosecute

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under Fed. R. Civ. P. 41(b) and from the denial of his motion under Fed. R. Civ. P. 60(b)(1) for relief from the judgment dismissing his case.[1]

"We review for an abuse of discretion an order dismissing an action for failure to prosecute." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). We also review for abuse of discretion a denial of "a motion to set aside a default judgment for excusable neglect under Rule 60(b)(1)." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

On March 3, 2017, the district court ordered Mr. Hodson to respond to the defendants' motion to dismiss the third amended complaint by March 26. Supp. App. at 55. The court learned at an intervening status conference that Mr. Hodson had been determined incompetent in a state criminal case. The court ordered him to move for appointment of counsel, which he did. *Id.* at 61-65. The court granted the motion, *id*. at 69-71, and endeavored but failed to find volunteer counsel for Mr. Hodson.

On June 2, the district court so informed Mr. Hodson and ordered him to respond to the motion to dismiss by June 26. ROA at 113. On June 12, this order was "return[ed] to sender – no longer in custody." Supp. App. at 89-90. The court then ordered Mr. Hodson to show cause by July 20 why this case should not be dismissed for failure to prosecute. ROA 114-16. That order was similarly returned. Supp. App. at 92-94.

On July 21, the district court dismissed the case without prejudice under Rule 41(b) and entered judgment. ROA 117-22. In its order of dismissal, the court said Mr.

---

[1] The parties consented to have a magistrate judge adjudicate this case. *See* 28 U.S.C. § 636(c). We will refer to "the district court" in discussing the rulings and analysis that Mr. Hodson challenges.

Hodson's pro se status did not excuse his failure to comply with court orders. *Id.* at 119. Even though the court was not required to do so because it dismissed the case only without prejudice, it considered the more stringent criteria to determine whether an action should be dismissed with prejudice and found they were satisfied here. *Id.* at 119-21; *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (listing the criteria for dismissal with prejudice).

On July 31, Mr. Hodson filed his motion for relief from the judgment, specifying that he sought relief under Rule 60(b)(1) for "excusable neglect." ROA 123-25. On September 21, the district court denied the motion. *Id*. at 133. In doing so, the court pointed out that Mr. Hodson said he had failed to notify the court of a change of address because the last time he provided the court a new address in 2016, he did so "at risk for dismissal as moot." *Id.* at 132 (quoting Mr. Hodson's Rule 60(b)(1) motion). In that instance the court had instructed him that, because he had been transferred from one facility to another, he should advise the court whether the transfer had mooted any of his claims. *Id*. The court said this explanation for why he had failed to tell the court of his new address in 2017 was "not justified." *Id.*

The district court also said that, although Mr. Hudson was adjudicated incompetent to proceed in his criminal case, he had actively participated as a pro se litigant in this case "for more than a year," submitting various filings and giving notice to the court of a previous change of address. *Id.* at 132-33. The court concluded that Mr. Hudson had failed to show excusable neglect and therefore denied the motion. *Id*. at 133

3

On appeal, the only argument Mr. Hudson makes about the dismissal for failure to prosecute and the denial of his Rule 60(b)(1) motion is that he did not receive his mail.[2] The district court, however, not disputing this point, reasoned that Mr. Hudson's explanation for his failure to notify the court about a change of address did not establish excusable neglect.

After careful review of the record, the district court's orders, and the parties' briefs, we conclude, for substantially the same reasons stated by the district court, that Mr. Hudson has not shown on appeal that the district court abused its discretion when it dismissed his action without prejudice under Rule 41(b) or when it denied his motion for relief from judgment under Rule 60(b)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we therefore affirm the district court's judgment.

---

[2] Mr. Hudson makes this argument under the heading in his brief that lists only the issue of his motion for relief from judgment. Aplt. Br. at 3. We afford his pro se filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Reading his pro se brief generously, we understand his argument about not receiving mail to concern his objections both to the dismissal of his case and to the denial of his motion for relief from judgment.

4

We grant Mr. Hodson's request to proceed *in forma pauperis* and remind him to continue making partial payments of his appellate filing fee to the district court.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge