FILED
United States Court of Appeals
Tenth Circuit

June 1, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES EDWARD ROSE,

Plaintiff - Appellant,

v.

DR. SANTINI; DR. D. OBA;
A. OSAGIE, Physician Asst.,

Defendant - Appellee.

No. 20-1446
(D.C. No. 1:20-CV-03032-LTB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Mr. James Rose, proceeding pro se,[1] appeals from the district court's dismissal of

his civil rights action arising under *Bivens v. Six Unknown Named Agents of the Federal*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Rose appears pro se, we construe his filings liberally but do not act as his advocate. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

*Bureau of Narcotics*, 403 U.S. 388 (1971).[2]  Pursuant to Federal Rule of Civil Procedure 41(b), the district court dismissed Mr. Rose's *Bivens* action without prejudice for failure to comply with a court order and failure to prosecute.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order dismissing Mr. Rose's *Bivens* action.

**I**

Mr. Rose is incarcerated in a federal prison in Colorado.  On October 8, 2020, he filed a *Bivens* action, naming as defendants two medical professionals working at the prison.  He alleged that, despite having been diagnosed with kidney failure in 2016, he has since then been denied medical treatment in violation of the Eighth Amendment to the United States Constitution.  Mr. Rose also filed a request to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915.

The day after Mr. Rose filed his complaint, October 9, the district court ordered him to cure deficiencies in both his complaint and in his motion to proceed IFP.  Specifically, Mr. Rose was ordered to refile his complaint on the current court-approved form, and he was also ordered to supply several pieces of information missing from his IFP motion.  The court's order stated that Mr. Rose's action would be dismissed without prejudice if he failed to cure the deficiencies within thirty days of the order's date.

Mr. Rose failed to cure the deficiencies and did not otherwise communicate with the district court thereafter regarding its October 9 order.  Consequently, on November

---

[2]  "[A] *Bivens* action . . . provides a 'private action for damages against federal officers' who violate certain constitutional rights."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

23, 2020, the court dismissed Mr. Rose's action without prejudice for failure to comply with a court order and failure to prosecute, pursuant to Rule 41(b). Moreover, pursuant to 28 U.S.C. § 1915(a)(3), the district court certified that any appeal by Mr. Rose would not be in good faith. Consequently, the court denied Mr. Rose leave to proceed IFP on appeal. Mr. Rose then timely filed a notice of appeal.

## II

As a threshold matter, we determine that the district court's dismissal of Mr. Rose's *Bivens* action is an appealable final order. "[A] dismissal without prejudice is usually not a final decision." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). But "in this circuit, 'whether an order of dismissal is appealable' generally depends on 'whether the district court dismissed the *complaint* or the *action*. A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final.'" *Moya v. Schollenbarger*, 465 F.3d 444, 448–49 (10th Cir. 2006) (quoting *Mobley v. McCormick*, 40 F.3d 337, 339 (10th Cir. 1994)). "In evaluating finality . . . we look to the *substance* and *objective intent* of the district court's order, not just its terminology." *Id.* at 449. We have said that "[t]he critical determination [as to whether an order is final] is whether plaintiff has been *effectively* excluded from federal court under the present circumstances." *Amazon*, 273 F.3d at 1275 (emphasis added) (quoting *Facteau v. Sullivan*, 843 F.2d 1318, 1319 (10th Cir. 1988)).

Here, the district court's order expressly stated that Mr. Rose's "*action* will be

3

dismissed without prejudice." R. at 61 (Order of Dismissal, filed Nov. 23, 2020) (emphasis added). And, ordinarily, "if a district court order expressly and unambiguously dismisses a plaintiff's entire action, that order is final and appealable." *Moya*, 465 F.3d at 450; *see also Black v. Larimer Cty.*, 772 F. App'x 763, 766 n.2 (10th Cir. 2018) (unpublished) (noting as to a dismissal for failure to prosecute that "[a]lthough the dismissal order was without prejudice, it is final and appealable because it expressly dismisses the entire" action). Furthermore, we have no doubt that, as a result of the district court's order, Mr. Rose "has been *effectively* excluded from federal court under the present circumstances." *Amazon*, 273 F.3d at 1275 (emphasis added) (quoting *Facteau*, 843 F.2d at 1319). Accordingly, we conclude that the district court's order dismissing Mr. Rose's action without prejudice is final and appealable, and we proceed to the merits.

"Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *accord Nasious v. Two Unkown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007). We review a district court's dismissal of an action pursuant to Rule 41(b) for abuse of discretion. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 857 (10th Cir. 2018). "An abuse of discretion occurs where a decision is premised on an erroneous conclusion of law or where there is no rational basis in the evidence for the

4

ruling." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018) (quoting *N.M. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1245 (10th Cir. 2017)).

Mr. Rose fails to show that the district court abused its discretion in dismissing his action. Even when construed liberally, Mr. Rose's brief fails to raise a single argument explaining how the court abused its discretion. Instead, he primarily resorts to restating the merits of his various *Bivens* claims. In that way, Mr. Rose has failed to meet his basic obligation to establish a valid ground for reversal. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

In his appellate brief, Mr. Rose does allege for the first time that he never received the district court's October 9 order directing him to cure deficiencies in his complaint and in his IFP motion. Moreover, after filing his appellate brief, Mr. Rose submitted an additional document—a letter from a correctional counselor at the federal prison in which Mr. Rose is incarcerated. The counselor stated in the letter:

> The timing of this mail [i.e., presumably, the October 9 order] was expected to be delivered to him in or around October 2020. I have looked at records for incoming legal mail . . . NO mail has come into the institution that was not delivered to [Mr. Rose]. NO mail has been rejected by the mailroom. To my knowledge, Mr. Rose has not received the letter in question from the court through regular mail either.

Letter from J. Hicks, at 1 (dated Feb. 4, 2021) (filed on Feb. 16, 2021, as "Errata" to Aplt.'s Br.). Mr. Rose suggests that this letter from the correctional counselor establishes

5

that he never received a copy of the district court's order.

We conclude, however, that this letter and the failure-to-receive contention that the letter ostensibly supports do not open the door to relief on appeal for Mr. Rose. Standing alone, the unsworn, non-specific letter seems to provide, at best, modest evidentiary support for Mr. Rose's assertion that he failed to receive the district court's October 9 order. But the more fundamental problem for Mr. Rose is that he never placed this letter or even the failure-to-receive allegation before the district court—as he should have done. *See Allen v. Ministar, Inc.*, 8 F.3d 1470, 1473–74 (10th Cir. 1993) (noting that "the proper scope of the record" on appeal is comprised of the materials presented to the district court); *accord United States ex rel. Little v. Triumph Gear Systems, Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017); *cf. Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259–60 (10th Cir. 2018) (noting that, ordinarily, arguments not raised before the district court are forfeited).

Specifically, there is no indication in the record that Mr. Rose ever informed the district court that he failed to receive the October 9 order. For example, he did not inform the court of his failure to receive the order through a motion for post-judgment relief—e.g., a Rule 59(e) or Rule 60 motion. Nor did he even make this failure-to-receive disclosure through a less formal means, such as a letter. Instead, when the district court dismissed his action, Mr. Rose simply filed a notice of appeal. Consequently, Mr. Rose deprived the district court of an opportunity to weigh his claim and decide whether to grant him relief from its Rule 41(b) dismissal. It is far from certain that Mr. Rose would

6

have secured relief by raising the matter with the district court. *Cf. Hodson v. Kroll*, 712 F. App'x 831, 833 (10th Cir. 2018) (unpublished) (concluding that the plaintiff "has not shown on appeal that the district court abused its discretion when it dismissed his action without prejudice under Rule 41(b), or when it denied his motion for relief from judgment under Rule 60(b)(1)" based upon the plaintiff's claim that he "did not receive his mail" after a change of address); *McCoy v. Wyo.*, 683 F. App'x 662, 665 (10th Cir. 2017) (unpublished) (concluding that the district court "did not abuse its discretion" in denying a plaintiff's motion to reconsider a Rule 41(b) dismissal of his action, when the district court found the plaintiff's claim that he did not receive a court order was "unsupported by the record and lacking in credibility"). But Mr. Rose should have done so.

Moreover, Mr. Rose does not even make a meaningful argument for reversal here predicated on his alleged failure to receive the October 9 order. The closest Mr. Rose comes to doing so is his bald assertion that the court "could have [taken] in[to] consideration that the postal office could have made a mistake due to the pandemic issues." Aplt.'s Br. at 9.[3] This "skeletal reference" is not enough to warrant review. *United States v. Pursley*, 577 F.3d 1204, 1231 n.17 (10th Cir. 2009). Accordingly, Mr. Rose's failure to make a meaningful argument for reversal based on his alleged failure to receive the October 9 order is reason, standing alone, to conclude that the letter and its

---

[3]       Because Mr. Rose's brief—which is comprised of a court form and handwritten insert pages—does not precisely follow consecutive pagination, this page-number reference is based on the electronically designated number in the top right-hand corner of the brief.

underlying failure-to-receive allegation do not open the door to appellate relief here. *See Nixon*, 784 F.3d at 1369 (noting that the plaintiff offered "nary a word to challenge the basis of the dismissal").

In sum, we conclude that the district court did not abuse its discretion in dismissing Mr. Rose's action under Rule 41(b).

## III

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. Rose's action pursuant to Rule 41(b).[4]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[4] Mr. Rose filed a motion seeking leave to proceed IFP on appeal. As evident from our previous discussion, he has failed to "show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Accordingly, we **deny** his IFP motion. Consequently, Mr. Rose is obligated to pay immediately the outstanding balance of the filing fee.