FILED
United States Court of Appeals
Tenth Circuit

February 10, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ASHLEE M. HANDY,

    Plaintiff - Appellant,

v.

MAXIMUS INC.; SHARON DORCAS;
SCOTT CLOUD; PRIME SOURCE
STAFFING; NICHOLAS WERNER,

    Defendants - Appellees.

No. 21-1192
(D.C. No. 1:20-CV-03235-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Ashlee M. Handy appeals the district court's dismissal of her employment

discrimination lawsuit during the 28 U.S.C. § 1915 screening process.  Exercising

jurisdiction under 28 U.S.C. § 1291, we reverse the dismissal of Ms. Handy's First

Amended Complaint ("FAC") and remand for further proceedings consistent with

this Order and Judgment.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

### I.    Facts[1]

Maximus Inc. operates a call center specializing in open enrollment for health-insurance benefits.  Prime Source Staffing is a staffing agency that provides employees to Maximus.  In August 2018, Prime Source hired Ms. Handy to work as a customer-service representative for Maximus.  Ms. Handy understood she would work at Maximus during the open-enrollment period from November 1 to December 15, when Maximus promised to hire her as a permanent employee.  She successfully completed training and received high quality-assurance scores.

On December 5, Ms. Handy advised Sharon Dorcas, the Maximus office manager who had trained her, that she was experiencing domestic violence.  She shared this information in case she would need to take time off from work.  Ms. Handy knew several coworkers had experienced and reported similar domestic-violence issues, and Ms. Dorcas had provided them with accommodations.  Ms. Handy then left work early.  The next day, Ms. Dorcas informed Ms. Handy that her husband had come to the Maximus office with a gun looking for her.  At Ms. Dorcas's direction, Ms. Handy filed a police report.

Ms. Handy alleges she was terminated as of December 7 via letters dated December 5 (from Ms. Dorcas) and December 6 (from Scott Cloud, another supervisor at Maximus), but she did not learn about her termination until December 10.  The letters stated Ms. Handy was being terminated because open

---

[1] The following facts derive from the FAC.

2

enrollment—and thus the contract period—ended.  But she believes she was terminated for "being a white woman" and "for being a victim of domestic violence," given that her minority coworkers faced no repercussions at work for experiencing domestic-violence issues.  R. at 40.

## II.    Procedural History

Ms. Handy filed a complaint against Maximus, Prime Source, and three supervisors:  Ms. Dorcas; Mr. Cloud; and Nicholas Werner, the Prime Source employee who hired her.  She asserted claims for (1) employment discrimination based on race and sex in violation of 42 U.S.C. § 1981; (2) employment discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964; (3) employment discrimination based on race and sex in violation of 42 U.S.C. § 1983; (4) a due process violation under § 1983; (5) state-law negligence; and (6) state-law negligence per se.

Because Ms. Handy was proceeding in forma pauperis (IFP), the district court screened her complaint under 28 U.S.C. § 1915.  On December 2, 2020, it entered an "Order Directing Plaintiff to File Amended Complaint" ("Order to Amend"), R. at 26.  The district court found the complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it was repetitive, failed to allege facts that might state a cognizable claim, and did not include either a copy of the discrimination charge filed with the Equal Employment Opportunity Commission (EEOC) or a right-to-sue letter from the EEOC.

3

Ms. Handy filed a timely FAC.  She dropped her Title VII and § 1983 claims and asserted claims for a § 1981 violation, state-law negligence, and state-law negligence per se.  For the § 1981 claim, she amended the allegations and added headings that align with the elements of the claim.

This appeal centers on the allegations relating to the first element of the § 1981 claim:  membership in a protected class.  *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001) (The elements of a § 1981 discrimination claim are:  "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." (internal quotation marks omitted)).  In her initial complaint, Ms. Handy alleged that "Plaintiff is a white woman in her thirties, and a victim of domestic violence, which makes her a member of a protected class."  R. at 7-8 (Original Complaint ¶ 4).  But in the FAC, she alleged that "[her] race as a white person makes her a member of a protected class under § 1981."  R. at 37 (capitalization standardized).

The district court entered a referral order under 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure.  In his report and recommendation, the magistrate judge stated that the factual allegations in the FAC generally remained the same, but also observed Ms. Handy had added several new allegations to her § 1981 claim:

> In support of the § 1981 claim, Plaintiff sets forth the same facts that she did in the original Employment Discrimination Complaint filed to initiate this case.  The only additional allegation, in an attempt to comply with the

4

> December 2 Order to Amend, is that Defendants Doreas, Cloud, and Maximus "set out deliberately to advantage Black and Mexican women over [Ms.] Handy, although [Ms.] Handy was similarly situated to the Black and Mexican women." Plaintiff also now contends that "[Ms.] Handy" is similarly situated to Black and Mexican women because of her and their need to have time off from work to address "domestic violence victimization." She further contends in the Amended Complaint that the Black and Mexican women were not terminated, like she was, due to the need to be off work to address domestic violence issues.

R. at 58 (citations omitted). The magistrate judge did not note the change in Ms. Handy's allegation regarding membership in a protected class. Without further reasoning, the magistrate judge concluded that Ms. Handy "failed to comply with the . . . Order to Amend" because she "fail[ed] to set forth that a 'White' person[] who is a victim of domestic violence is a member of a protected class" "as required under 28 U.S.C. § 1981." *Id.* The magistrate judge then recommended that the district court dismiss the FAC without prejudice for failure to comply with the Order to Amend and decline to exercise supplemental jurisdiction over the state-law claims.

Based on its understanding that Ms. Handy had not filed timely objections, the district court adopted the report and recommendation and entered judgment against Ms. Handy. But Ms. Handy had filed timely objections, so the case was reopened. Once again, the district court adopted the report and recommendation and dismissed the case without prejudice.

Ms. Handy moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure contending the district court misunderstood the facts, her position, and the controlling law. Ms. Handy explained she "clearly allege[d] her race (White) as a protected class" in the FAC to "cure[]" the

5

"deficiency" identified by the district court.  R. at 82.  And she raised the domestic-violence issue only "to demonstrate how she was treated less favorably [than] similarly situated white women . . . to support an inference of intentional discrimination."  R. at 82-83.  The district court denied the Rule 59(e) motion.  This appeal followed.

### III.    Jurisdiction

Because the district court dismissed the FAC and the action *without* prejudice, we first must determine whether this court has appellate jurisdiction.  *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001) (noting this court has "an independent duty to examine our own jurisdiction").  We have jurisdiction over "final decisions of the district courts."  28 U.S.C. § 1291.  "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."  *Amazon*, 273 F.3d at 1275 (holding district court's decision to dismiss the entire action and to decline supplemental jurisdiction and dismiss state claims without prejudice for refiling in state court effectively disposed of entire action).

This court has taken a "[p]ractical approach to § 1291 finality."  *Moya v. Schollenbarger*, 465 F.3d 444, 448 (10th Cir. 2006).  "The critical determination . . . is whether plaintiff has been effectively excluded from federal court under the present circumstances."  *Amazon*, 273 F.3d at 1275 (internal quotation marks omitted).  For instance, "[a] dismissal of the complaint is ordinarily a non-final,

6

nonappealable order (since amendment would generally be available), while a dismissal of the entire action is ordinarily final." *Moya*, 465 F.3d at 449 (internal quotation marks omitted).

Here, the district court "expressly and unambiguously dismisse[d] [Ms. Handy's] entire action, [so] that order is final and appealable," *id.* at 450. *See* R. at 74 ("[T]he [FAC] *and the action* are dismissed without prejudice for failure to comply with the . . . Order to Amend." (emphasis added)). And, like in *Amazon*, the district court "decline[d] to exercise supplemental jurisdiction over any remaining state law claims and dismisse[d] these claims without prejudice." *Id.* The denial of the Rule 59(e) motion is further evidence of finality. We thus proceed to the merits.

## IV.    Analysis

The district court appears to have dismissed Ms. Handy's complaint under Rule 41(b) of the Federal Rules of Civil Procedure, even though it did not specifically reference that Rule.[2] Rule 41(b) allows for involuntary dismissal "[i]f the plaintiff fails . . . to comply with these rules or a court order." Fed. R. Civ. P.

---

[2] We encourage the district court to specify the basis for dismissing a case on screening—Rule 41(b) or 28 U.S.C. § 1915(e)—because it affects the standard of review. Section 1915(e) mandates dismissal during screening "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). The more rigorous de novo standard of review applies to § 1915(e) dismissals. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).

41(b).[3]  Here, the district court dismissed Ms. Handy's complaint "for failure to comply with the . . . Order to Amend."  R. at 74.  The Order to Amend, in turn, referenced noncompliance "with the pleading requirements of Rule 8."  R. at 27.  *See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[A] failure to satisfy Rule 8 can supply a basis for dismissal:  Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

On appeal, Ms. Handy challenges both the district court's dismissal order and its order denying her Rule 59(e) motion.  We review both orders for an abuse of discretion.  *See Nasious*, 492 F.3d at 1161 (abuse-of-discretion standard applies to a dismissal under Rule 41(b)); *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) (abuse-of-discretion standard applies to a ruling on a Rule 59(e) motion).  "We will find an abuse of discretion when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (internal quotation marks omitted).  We liberally construe a pro se litigant's pleadings but do not serve as their advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[3] The plain text of Rule 41(b) requires a defendant's motion to dismiss, but this case was dismissed on screening before any defendant even entered an appearance. The lack of a defense motion is not relevant because "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissals under Rules 8 and 41(b) typically involve unusually long, prolix, or incomprehensible complaints—essentially, cases that fail to satisfy the "short and plain" portion of Rule 8(a)(2). *See, e.g.*, *Nasious*, 492 F.3d at 1160 (plaintiff "nam[ed] at least 20 individual defendants, as well as scores of John and Jane Doe defendants, in a 42-page complaint that is, through much of the document, often difficult to comprehend"); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). Here, the FAC runs nineteen pages on a court-approved form, names five defendants, and makes clear the claims Ms. Handy asserts with regard to each set of facts. Moreover, Ms. Handy streamlined the FAC by removing claims the district court indicated were unlikely to succeed and by adding headings that align with the elements of the remaining Section 1981 claim.

The magistrate judge provided essentially no reasoning to support its conclusion that Ms. Handy failed to comply with the Order to Amend, and the district court adopted this recommendation with no additional explanation. Without adequate legal analysis, we cannot discern whether the district court applied the correct legal standard and properly exercised its discretion. *See United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004) ("In order to provide meaningful appellate review, we require an articulation of the district court's rationale."); *accord*

9

*In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam) ("If we are to be satisfied that a district court has properly exercised its discretion, we must be informed by the record of why the district court acted as it did.").

Equally problematic, the very limited reasoning the magistrate judge did provide is based on a clearly erroneous factual finding. The magistrate judge misstated Ms. Handy's claim and failed to account for the significant change she made to her allegations of membership in a protected class. Ms. Handy filed a timely objection on this ground, but the district court adopted the report and recommendation in its entirety. And when Ms. Handy again alerted the district court to this misunderstanding in her Rule 59(e) motion, it simply recited the applicable standard and summarily denied the motion—again without articulating its reasoning. *See* R. at 86 ("Plaintiff does not demonstrate that the Court has misapprehended the facts, her position, or the controlling law. The Court, therefore, will deny the Motion.").

Under these circumstances, where the district court provided an inadequate articulation of its rationale and based its decision on a clearly erroneous factual finding, we conclude the district court abused its discretion.

## V.    Conclusion

We reverse the district court's dismissal without prejudice of Ms. Handy's FAC and action. We remand to the district court to reevaluate the FAC in a manner

consistent with this Order and Judgment.  We grant Ms. Handy's motion for leave to proceed without prepayment of fees and costs.

Entered for the Court


Veronica S. Rossman
Circuit Judge