**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

CORNELIUS KENYATTA CRAIG,

    Plaintiff - Appellant,

v.

B. TRUE, Warden,

    Defendant - Appellee.

No. 21-1264
(D.C. No. 1:21-CV-01282-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Cornelius Kenyatta Craig, a federal prisoner proceeding pro se, appeals from

the district court's order dismissing his 28 U.S.C. § 2241 petition without prejudice

under Fed. R. Civ. P. 41(b) for failure to pay the filing fee.[1]  He also appeals the

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The requirement for a certificate of appealability set forth in the Antiterrorism and Effective Death Penalty Act of 1996 does not apply to § 2241 appeals brought by federal prisoners, so Mr. Craig does not need a certificate of appealability to appeal the district court's order.  *See McIntosh v. U.S. Parole Comm.*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

order denying his motion to alter or amend the judgment. Exercising jurisdiction under 28 U.S.C. § 1291,[2] we reverse the order denying reconsideration and remand with directions to vacate the dismissal order and for further proceedings on Mr. Craig's § 2241 petition.

## Background

When he filed his § 2241 petition, Mr. Craig sought to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. After reviewing his financial information, including his inmate account statement, the district court determined that he had sufficient financial resources to prepay the $5 fee. Accordingly, it denied him leave to proceed in forma pauperis (IFP) and ordered him to pay the full filing fee within thirty days. The order indicated that if he failed to pay the fee "within the time allowed, the habeas corpus application will be denied and the action will be dismissed without further notice." R. at 30. The order was issued on May 13, 2021, so the deadline to pay the fee was June 14.[3]

The district court did not receive the filing fee by June 14. On June 22, the district court dismissed his § 2241 petition pursuant to Rule 41(b) without prejudice for failure to pay the fee. It then entered judgment for respondent.

---

[2] Ordinarily, a dismissal without prejudice is not a final appealable order. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001). But where, as here, "the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Id.*

[3] The thirtieth day was Saturday, June 12, so the deadline was Monday June 14. See Fed. R. Civ. P. 6(a)(1)(C).

On July 2, Mr. Craig filed a "Motion for Reconsideration to Alter or Amend the Judgment" (Motion to Reconsider), arguing that he "did respond to [the court's] May 13, 2021[,] order within the time allowed and indeed paid the $5.00 filing fee," and that "under the Mailbox Rule for prisoners, [he] did respond to the Court's May 13 order."[4]  R. at 34-35.  He attached an inmate transaction receipt showing that $5 had been deducted from his inmate account on June 17 for "Court Fees."  *Id*. at 36.  When he filed the Motion to Reconsider,[5] Mr. Craig also submitted a "Request for $5.00 filing fee be made Pursuant to 28 U.S.C. 1915" (Supplemental Request), which sought an extension to pay the fee.  He indicated that he had submitted the "institutional BP-199" form to the prison on May 18 requesting payment of the court filing fee from his account and that he received notice of the rejection of the BP-199 on June 2.  *Id*. at 37.  In the "Certificate of Service" section, Mr. Craig certified that he resubmitted a BP-199 to the prison on June 3.  *Id*. at 38.

The docket reflects that payment of Mr. Craig's $5.00 filing fee was received on July 7.

---

[4] The prison mailbox rule makes the date on which a pro se prisoner presents a court filing to prison officials for mailing the filing date for timeliness purposes. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).  The rule was first applied to notices of appeal, but "[w]e have . . . extended [the] mailbox rule beyond the notice of appeal context," to apply to other filings. *Id.* at 1164.

[5] The two documents were entered on the docket on different dates (July 2 and July 7) but there is only one mailing envelope dated July 1.  It thus appears both documents were mailed in the same  envelope but entered on the docket separately.

On July 9, the district court denied Mr. Craig's Motion to Reconsider. The court treated the motion as a Fed. R. Civ. P. 59(e) motion. The order does not mention that the court had received Mr. Craig's filing fee two days earlier. The court acknowledged Mr. Craig's argument that he should receive the benefit of the prison mailbox rule, but it said the only documentation he provided showed payment on June 17, which was still past the June 14 deadline. On that basis the court concluded Mr. Craig had not "demonstrated that an earlier date should apply to the payment based on the prison mailbox rule." R. at 43. The order denying reconsideration does not mention the Supplemental Request and the court did not enter a separate order ruling on that request. It thus appears the court did not consider it.

After the district court denied his Motion to Reconsider, Mr. Craig filed a document titled "Interlocutory Appeal," which the district court docketed as a notice of appeal. He attached a prison form titled "Inmate Request to Staff" reflecting his request for a copy of the BP-199 form he submitted to the prison "on or about June 2-3" for payment of his filing fee. R. at 48. The prison's "disposition" of the request states that the prison processed BP-199 on June 17 and transmitted it to the United States Department of Treasury (U.S. Treasury) "for issuance" on July 1, but that the "check has not been received from the Treasury back to the institution to mail to courts." *Id.*

On July 28, a prison correctional counselor issued a memo indicating that Mr. Craig's "court fee delivery [was] untimely through no fault of his own." Aplt Br. Exh. A. The memo, which is attached to Mr. Craig's appellate brief, explains that he

4

gave prison staff his request to release funds on June 3 but that the Bureau of Prisons (BOP) did not process and complete the request until June 17 and the U.S. Treasury then had to "issue a check to complete the process," a task that was "beyond the . . . control" of both Mr. Craig and the BOP. *Id.*

## Discussion

### 1. Standard of Review

We review a dismissal pursuant to Rule 41(b) for abuse of discretion. *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). We also review the denial of a Rule 59(e) motion for abuse of discretion. *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005). A court abuses its discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Jensen v. W. Jordan City*, 968 F.3d 1187, 1200 (10th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 2627 (2021). Under this standard, we will uphold a district court's decision "unless the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Loughridge*, 431 F.3d at 1275 (internal quotation marks omitted).

### 2. Dismissal Order

A district court may dismiss an action under Rule 41(b) for failure to prosecute, or for failure to comply with rules or court orders. *See Olsen*, 333 F.3d at 1204 & n.3. Under 28 U.S.C. §§ 1914(a) and 1915(a), a district court is required to collect the filing fee from a habeas petitioner after concluding he is ineligible to proceed IFP. If a court order requires payment of a fee, Rule 41(b) allows the court

to dismiss the action for failure to comply with the order. *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). When, as here, dismissal is without prejudice, the court may dismiss without considering the factors that, by contrast, must inform a dismissal with prejudice. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 & n.2 (10th Cir. 2009).

Before dismissing a prisoner's complaint in a civil case for failure to comply with an order regarding payments toward a filing fee, a district court "should ordinarily take reasonable steps to ascertain whether the prisoner attempted to comply with the fee order by authorizing prison officials to withdraw required payments." *Cosby*, 351 F.3d at 1331. But the district court's failure to do so here was not a clear error of judgment at the time the dismissal order was entered. After determining that Mr. Craig was not eligible to proceed IFP, the court ordered him to pay the fee, gave him what it believed was a manageable deadline for doing so, and warned that it would dismiss the petition without further notice if he failed to comply. He did not seek an extension and did not otherwise communicate with the court before the deadline about his difficulty in paying the fee on time. The district court's decision to dismiss the petition under these circumstances did not exceed the bounds of permissible choice.

### 3. Denial of Rule 59(e) Motion

A district court may grant a Rule 59(e) motion "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e)

may also be appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

When it dismissed Mr. Craig's § 2241 petition for failure to prosecute, the district court was unaware of his efforts to pay the fee on time and the prison's delay in processing his request. It was also unaware that the thirty-day period it allowed for payment of the fee was inadequate given delays associated with mail delivery and the prison's and U.S. Treasury's internal processes, which are plainly outside Mr. Craig's—or any inmate's—control. The court's dismissal order was thus reasonable given what it knew at the time.

But the court's receipt of the filing fee on July 7, together with the information Mr. Craig provided in his post-dismissal filings—his statement that he initially submitted the BP-199 form on May 18 requesting that the prison pay the fee out of his account, his certification that after the prison rejected the form he resubmitted it on June 3, and the inmate transaction receipt reflecting withdrawal of the fee from his account on June 17—warranted reconsideration.[6] That is particularly true given the district court's obligation to determine whether Mr. Craig attempted to comply with the fee order before the court dismissed his petition. *See Cosby*, 351 F.3d at 1331.

---

[6] The district court's failure to acknowledge Mr. Craig's certification that he submitted the BP-199 form to the prison on June 3 suggests the court was unaware of the certification, which is understandable given that it was made in the certificate of service to the Supplemental Request.

7

We thus conclude the district court should have granted reconsideration and vacated its dismissal order.

And, although unavailable to the district court when it denied the Motion to Reconsider, the correctional counselor's memo bolsters our conclusion that dismissal for failure to prosecute was not appropriate here. That memo confirms Mr. Craig's assertions that he had taken the steps necessary to pay the fee on time and that the delay was not his fault. *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) ("Because dismissal is such a harsh sanction, it is appropriate only in cases of willfulness, bad faith, or some fault of petitioner." (internal quotation marks and alteration omitted)).

## Conclusion

We reverse the district court's denial of Mr. Craig's Motion to Reconsider, and we remand with directions to vacate the order dismissing the § 2241 petition for failure to prosecute and for further proceedings on the § 2241 petition.[7]

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[7] The district court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, so denied Mr. Craig IFP status for the purpose of appeal. That determination meant that he was required to pay the full filing fee when he filed his notice of appeal, instead of in monthly installments, as prisoners granted IFP status are permitted to do. We disagree with the district court's frivolousness determination. However, given that he would have been required to pay the fee in monthly installments even if he had been granted IFP status, we take no action concerning the erroneous frivolousness determination.