**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PEDRO AMARO,

     Plaintiff - Appellant,

v.

CORIZON HEALTH, INC.;
WEXFORD HEALTH, INC.;
UNKNOWN DENTIST #1;
UNKNOWN DENTIST #2; DR.
ALBA WEAVER; KATHY ARMIJO;
TOMMI SALINAS; J. RUVALCABA;
MR. RIVERS; DENTAL DIRECTOR
FOR CENTURION
CORRECTIONAL HEALTH CARE,
OF NEW MEXICO; MHM
SERVICES, INC.; CENTENE
CORPORATION; MICHAEL
NEIDORFF; WEXFORD HEALTH
SOURCES, INC.; DENTAL
DIRECTOR FOR WEXFORD
HEALTH SOURCES, INC.;
CORIZON, LLC; DENTAL
DIRECTOR FOR CORIZON
HEALTH, INC.; DAVID SELVAGE,
MHS, PA-C; YOLANDA RIVERA;
GLORIA CHAVEZ; JERRY ROARK;
J. GAY; DEPUTY SECRETARIES
FOR NEW MEXICO CORRECTIONS
DEPARTMENT; ALISHA TAFOYA
LUCERO; DAVID JABLONSKI;
GREGG MARCANTEL; JOE
WILLIAMS; MICHELLE LUJAN
GRISHAM; SUSANNA MARTINEZ;
KRYSTLE RIVERA; VINCENT
HORTON; THE GEO GROUP, INC.,

No. 24-2155
(D.C. No. 1:20-CV-01308-MV-LF)
(D. N.M.)

Defendants - Appellees.

---

**ORDER AND JUDGMENT\***

---

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.

---

Alleging he was denied appropriate dental care, Pedro Amaro, a New Mexico prisoner proceeding pro se, sued various individuals and entities under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. The district court dismissed Mr. Amaro's amended complaint, and he appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On December 16, 2020, Mr. Amaro sued the New Mexico Corrections Department ("NMCD"), Corizon Health, Inc. ("Corizon"), Centurion Correctional Healthcare of NM ("Centurion"), Dentrust New Mexico, P.C. ("Dentrust"), Wexford Health, Inc. ("Wexford"), Dr. Kapil Grewal, and Dr. Berinda Iqbal (collectively, "original defendants"). Mr. Amaro's complaint

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

alleged that an "extraction-only policy" for NMCD inmates caused Dr. Grewal to pull his infected bicuspid, tooth #13, on December 16, 2017, instead of performing a root canal to save it; and that the extraction caused pain and various other dental problems. R. I at 21. In 2021, Mr. Amaro voluntarily dismissed without prejudice his claims against NMCD, Corizon, Wexford, and Dr. Iqbal.

On August 29, 2022, Mr. Amaro filed an amended complaint naming the original defendants, except NMCD, and many new defendants, including Dr. Alba Weaver. Mr. Amaro's amended complaint repeated the allegations about tooth #13. It also alleged problems with dental work Dr. Weaver performed on two of his pre-molars, tooth #29 and tooth #4, between October 2021 and August 2022. Following a January 2023 settlement conference, Mr. Amaro's claims against Centurion, Dentrust, Dr. Grewal, Dr. Iqbal, and four of the new defendants were dismissed with prejudice.

The district court referred the case to a magistrate judge, who recommended that the amended complaint be dismissed sua sponte because it was "patently obvious that Mr. Amaro could not prevail on the facts alleged." R. II at 212. In support, the magistrate judge determined that:

- The claims against Corizon and Wexford were barred by the statute of limitations because they arose from the December 2017 extraction of tooth #13, the three-year limitations period ran the day Mr. Amaro

filed his complaint in December 2020, and he had voluntarily dismissed the claims against both parties in 2021.

- The claims against Centurion, Dentrust, Dr. Grewal, and Dr. Iqbal had already been dismissed with prejudice.

- The new claims in the amended complaint regarding tooth #29 and tooth #4 violated Federal Rule of Civil Procedure 18(a) and therefore could not be joined to the suit because they were against different defendants and were unrelated to the events alleged in the original complaint.

- The amended complaint's newly named defendants could not be joined to the suit because their alleged liability did not arise from the events alleged in the original complaint, which violated Federal Rule of Civil Procedure 20(a)(2).

Over Mr. Amaro's objections, the district court adopted the magistrate judge's recommendation and dismissed the case.[1] Mr. Amaro timely appealed.

## II

The district court dismissed sua sponte Mr. Amaro's amended complaint for failure to state a claim. *See* R. III at 25 (concluding, "Mr. Amaro's amended complaint does not state a claim because his original

---

[1] The district court dismissed with prejudice Mr. Amaro's claims against Corizon, Wexford, Centurion, Dentrust, Dr. Grewal, Dr. Iqbal, and the four new defendants involved in the settlement agreement. It dismissed without prejudice his amended complaint "as to all other defendants with respect to any claims not barred by the statute of limitations." R. III at 27. "Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).

claims have been dismissed with prejudice and the new claims and defendants were improperly added in violation of Rules 18 and 20."). We interpret this as a dismissal under Federal Rule of Civil Procedure 12(b)(6).

We review de novo a dismissal for failure to state a claim under Rule 12(b)(6). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this standard, we accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Id.* Because Mr. Amaro represents himself, we construe his filings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Amaro argues that the additional claims and defendants in the amended complaint relate back to his original complaint. Federal Rule of Civil Procedure 15(c)(1) governs when an amended pleading "relates back" to an original pleading. Where an amended pleading asserts a new claim, that claim must "ar[i]se out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). And where an amended pleading "changes the party or the naming of the party against whom a claim is asserted," the claim(s) against that party must satisfy Rule15(c)(1)(B). Fed. R. Civ. P. 15(c)(1)(C).

The district court correctly determined that the amended complaint failed to meet these requirements. Here, the original complaint concerned

5

Dr. Grewal's extraction of tooth #13 in December 2017, but the amended complaint's new claims concerned problems with Dr. Weaver's work on tooth #29 and tooth #4 between October 2021 and August 2022. And Mr. Amaro attempted to bring the new claims against a myriad of new defendants.

The new claims concerned different teeth, a different dentist, and stemmed from events that took place over three years after the events alleged in the original complaint – they did not arise from the conduct, transaction, or occurrence set out in the original complaint. Thus, we conclude that the new claims and new defendants in Mr. Amaro's amended complaint did not relate back to his original complaint.

Mr. Amaro next argues that the continuing violation doctrine applies to his amended complaint. The continuing violation doctrine can salvage claims from being untimely because it "tethers conduct from both inside and outside the limitations period into one single violation that, taken as a whole, satisfies the applicable statute of limitations." *Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Cir. 2019). "Said another way, the continuing violation doctrine, as we have defined it, would apply here only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period." *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018).

6

We agree with the district court's determination that the continuing violation doctrine does not save Mr. Amaro's amended complaint. In this case, Mr. Amaro does not allege that any defendant committed continual unlawful acts within *and* outside the limitations period. And he fails to show that his claims are premised on a series of actions amounting to a single violation of his rights.

"A district court may dismiss a case *sua sponte* under Federal Rule [of] Civil Procedure 12(b) when it is patently obvious that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (internal quotation marks omitted). Because that is the case here, we conclude that the district court correctly dismissed Mr. Amaro's amended complaint.

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge